[No. 14291.  Department One.  April 26, 1918.]

ADAM GREEN, *Appellant,* v. E. F. BOUTON,
*Respondent.*[1]

APPEAL—REVIEW—RECORD.  Error cannot be predicated upon re-
quiring the plaintiff to make an election where neither the pleadings
nor the ruling complained of are brought up in the record.

PRINCIPAL AND AGENT—NEGLIGENCE OF AGENT—MEASURE OF DAM-
AGES—BURDEN OF PROOF.  In an action by a principal against his
agent for negligence in failing to take security for money loaned
for plaintiff, in order to make a *prima facie* case for more than nom-
inal damages it is not necessary to show the insolvency of the
debtor; but a *prima facie* case having been made by proof of the
negligence of the agent and a reasonable probability that with due
care the collection could have been made, the burden is then upon
the agent to show a reduction of the loss or that there was no
damage.

Appeal from a judgment of the superior court for
Clarke county, Back, J., entered November 13, 1916,
upon the verdict of a jury rendered in favor of the
plaintiff for nominal damages by direction of the court,
in an action in tort.  Reversed.

*Miller & Wilkinson,* for appellant.

MAIN, J.—The purpose of this action was to recover
damages claimed to be due to the negligence of the de-
fendant in failing to take security for money which he
had loaned for the plaintiff.  The cause came on for
trial before the court and a jury, and at the conclusion
of the plaintiff's evidence, the defendant moved for a
nonsuit.  This motion was denied, and the defendant
rested without the introduction of any testimony.
Thereupon the court instructed the jury to return a
verdict in favor of the plaintiff for nominal damages.

[1]Reported in 172 Pac. 576.

From the judgment entered upon the verdict, the plaintiff appeals.

The facts are these: On or about August 2, 1909, the appellant placed with the respondent the sum of $500, under an agreement by which the money was to be loaned by the respondent for six months on good security. On August 7, 1909, the respondent loaned the money to one John M. Lay and took the latter's promissory note for the same. The note was not supported by any security. The appellant had no knowledge that the money had been loaned without security until long subsequent to the time the loan was made. On October 31, 1914, the respondent wrote the appellant a letter inclosing the note, stating in the letter that he had made repeated efforts to collect the note and had been unable to do so. Sometime thereafter, the present action was instituted to recover from the respondent damages for failure to take security for the note. Prior to the time this action was instituted, the maker of the note had died and his estate was being probated.

The issues upon which the case was tried were made up by the third amended complaint, the answer thereto and the reply. The appellant, in his brief, states that, in the original complaint, two acts of negligence were pleaded: One, failure to take security; and the other, failure to present the note as a claim against the maker's estate; and that, upon a previous occasion, the cause came on for trial and he was required by the court to elect upon which theory of negligence he would proceed. It is claimed that this ruling was error. However much merit there may seem to be in the contention, if the facts are as stated in the brief, the question is not here for review. The record contains neither the original complaint, the first amended complaint, nor the second amended complaint; nor does it show the ruling complained of. Since the record does not

present the question, it must be passed without determination.

The second contention of the appellant is the error of the trial court in directing a verdict for nominal damages only. As above indicated, at the conclusion of the appellant's case, a motion for nonsuit was made. The court, before passing upon the motion for a nonsuit, inquired of the attorney for the respondent whether he desired to rest his case at that time, and stated that, if the respondent did rest, he would pass upon the motion. The respondent rested. The court then stated that he would deny the motion for nonsuit and instruct the jury that the appellant was entitled to recover only nominal damages. Thereupon the appellant requested that he be permitted to introduce further testimony upon the question of insolvency. To this the respondent objected and the objection was sustained. The jury were then instructed to return a verdict in favor of the appellant for nominal damages.

The question which first arises upon this branch of the case is whether the appellant had made a *prima facie* case as to the amount of damages claimed by him, which was the amount of the note and the unpaid interest thereon. The law appears to be that the measure of liability on the part of the agent for negligence in collecting claims is the amount of damages sustained by the principal, and this is *prima facie* the amount of the debt or claim. When a *prima facie* case has been made, the burden is on the agent to show facts relieving him from liability. Mechem on the Law of Agency (2d ed.), volume 1, § 1320, thus states the law:

"The measure of damages in an action against an agent for negligence in collection is the actual loss sustained. The negligence being established, and it appearing with reasonable probability that but for such negligence the loss would not have happened, that loss

*prima facie* is the amount of the claim, but the agent may show that, notwithstanding his negligence, the principal has suffered no loss, and the recovery can then be for nominal damages only. Thus he may show in reduction of damages that if he had used the greatest diligence, the debt could not have been collected; or that the principal's claim against the debtor is delayed only and not lost, or that he is wholly or partially protected by securities which he holds, or that though the principal's claim against certain of the parties is lost, there are still others liable who are amply responsible, from whom the debt can be collected.

"The burden of making such showing seems to rest upon the agent. Thus in a recent case to recover damages against a bank for negligence, it was said: 'It is claimed that there was no proof of damages; that is, that it was not shown that had the bank been diligent the drafts could have been collected. In such cases it is usually impossible to show with certainty that if due care had been observed the collection would have been made. The law is not so rigid in its requirements for the protection of the negligent agent. It is only necessary to show a reasonable probability that with due care the collection would have resulted. The burden then rests on the defendant to show that there was no damage.' "

This text states the law which is supported by the authorities, and it is unnecessary here to multiply citations.

The facts bring this case within the rule stated. The respondent, having rested without the introduction of any evidence, failed to meet the burden placed upon him by law. No appearance has been made in this court by him, he evidently realizing, after further investigation, that the judgment entered was one which could not be sustained. It follows that the judgment must be reversed, and the cause remanded with direction to the superior court to enter a judgment in

favor of the appellant for the amount of the note, accrued and unpaid interest and the costs.

ELLIS, C. J., PARKER, and WEBSTER, JJ., concur.

FULLERTON, J., concurs in the result.