WILLIAM URSINI *vs.* ALBERT GOLDMAN.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 3d—decided June 12th, 1934.

*George W. Crawford,* with whom was *Albert W. Herrmann,* for the appellant (defendant).

*Louis Sperandeo,* with whom was *Louis Feinmark,* for the appellee (plaintiff).

HINMAN, J. The plaintiff alleged in general terms in his complaint, and on the trial offered evidence to prove, the following facts: In 1928 he leased a store in a building in New Haven, owned by the defendant,

for the purpose of selling groceries at wholesale. The defendant was engaged in the insurance and real-estate business and was a licensed insurance broker. Prior to August, 1928, the defendant repeatedly solicited the plaintiff to insure against burglary, but the plaintiff did not do so. In August the plaintiff's store was entered by burglars and he sustained substantial loss. The day following the burglary the defendant, knowing that it had occurred, came to the plaintiff's store, stated to him, in substance, "You see, if you had done what I told you to do and taken out burglary insurance, you would be laughing now instead of crying," and urged him to protect himself by insurance against further loss. The plaintiff thereupon told the defendant to obtain for him a policy of $2000 and the defendant agreed that he would obtain such insurance and secure such protection for the plaintiff. The plaintiff had no knowledge of or experience with burglary insurance or the terms and conditions thereof but relied solely upon the defendant's knowledge and experience.

The defendant ordered of local agents of a casualty company burglary insurance of $2000 for the plaintiff, but failed and neglected to inform them that there had been a previous burglary in the store. The casualty company issued a policy covering the premises against burglary in the sum of $2000, the policy embodying an application which included a representation that there had been no burglary in the premises for five years. The defendant brought the policy to the plaintiff, who paid the premium by his check to the company, and the defendant received his usual share of this premium. When the defendant brought the policy to the plaintiff's store he told him in substance that he was now covered against loss from burglary and the plaintiff, relying on this assurance and on previous state-

ments to him by the defendant as to his ability to get proper insurance and his knowledge of the insurance business, did not read the policy or the application but placed the same in a safe, believing that the policy was valid and protected him against loss.

In December, 1928, another burglary occurred in the plaintiff's premises whereby he sustained a loss. He notified the defendant of the burglary and the latter told him that he was protected by the policy and on a number of occasions afterward assured him that the loss would be paid. After some time the insurance company refused to pay the loss and the plaintiff brought a suit against the insurer, which defended, and a verdict in its favor was directed on the ground of a breach of warranty or representation that the plaintiff had sustained no previous loss by burglary within five years.

The defendant, in the present action, pleaded a general denial, also a special defense alleging in substance that the defendant merely informed the local agents that the plaintiff desired burglary insurance and made no statements or representations to them or the insurer, but that the answers to the questions in the application were made by the plaintiff. He offered evidence that he at no time previous to the issuance of the policy talked with the plaintiff concerning the procurement of it and had no knowledge of any previous burglary in the plaintiff's store, and had no part in furnishing or procuring the information pertaining thereto; that he made no promises or agreements to procure for the plaintiff insurance against burglary or to do anything in connection therewith except, as broker, to bring the plaintiff and the insurance agents together; also, that at the time of the delivery of the policy to the plaintiff no statements or representations

were made to him by the defendant concerning the terms and conditions.

The jury rendered a verdict for the plaintiff, a motion to set it aside was denied, and the defendant on this appeal assigns error in the denial of that motion and in the charge. These assignments involve, in several aspects, the duties and liabilities of an insurance broker. By our statutes "insurance broker" is defined to mean any person who, "for compensation, shall act or aid in any manner in negotiating" contracts of insurance "or in placing risks or soliciting or effecting insurance as agent for a person other than himself, and not as an officer, traveling salaried employee or duly licensed agent of an insurance company or as an insurance solicitor employed by a duly licensed agent." General Statutes, § 4126. This definition is sufficient to our present purposes. Such broker acts as middleman between the insured and the insurer. Having secured an order, he places the insurance, in the absence of a selection by the insured, with the company selected by the broker. 2 Couch, Cyclopedia Ins. Law, § 452; 9 C. J. p. 509. He is the agent of the insured in negotiating for the policy. *Mishiloff* v. *American Central Ins. Co.*, 102 Conn. 370, 379, 128 Atl. 33. As such he owes a duty to his principal to exercise reasonable skill, care, and diligence in effecting the insurance, and any negligence or other breach of duty on his part which defeats the insurance which he undertakes to secure will render him liable to his principal for the resulting loss. 2 Couch, § 481; 32 C. J. p. 1088. Where he undertakes to procure a policy affording protection against a designated risk, the law imposes upon him an obligation to perform with reasonable care the duty he has assumed, and he may be held liable for loss properly attributable to his default. The principal may sue either for breach

of the contract or in tort for breach of duty imposed by it. *Elam* v. *Smithdeal Realty & Ins. Co.*, 182 N. C. 599, 602, 109 S. E. 632, 18 A. L. R. 1210, and cases cited in note, 18 A. L. R. 1214.

Asserting that, upon the facts set up in the complaint, the plaintiff could have sought recovery either for breach of contract to procure effective insurance or in tort for negligence in performing the duties imposed thereby, the appellant contends that the trial court should have given the jury separate instructions appropriate to each of these alternative causes of action. There would be merit in this claim if the complaint had been so framed as to signify dependence on both contract and tort and the case had been tried and submitted to the jury on both of these causes of action, but this was not the case. While it is possible that the averments of the complaint were sufficiently general to admit of a claim for recovery on the ground of negligence, they are specially and significantly adapted to a claim of breach of contract to procure a policy which would protect the plaintiff against loss by burglary. The finding, by which the charge must be tested, shows that the evidence and claims of proof were addressed to that cause of action and this is confirmed by the evidence, which we have been required to examine under the assignment directed against the verdict. Also, it is plain that the case was submitted to the jury upon that theory only, and not, in addition, in tort for negligence. The charge states the claims of the plaintiff to be "that the defendant, as a broker and as his agent, contracted with or undertook to procure him a policy of insurance which would protect him against loss from burglary, and that in carrying out this contract the defendant gave false information and failed to give correct information as to the prior burglary which it was his duty to give under his under-

taking to procure the policy, and that, as a result, the defendant did not do that which he had contracted to do, and therefore breached his agreement to cause the plaintiff to be insured against loss." The charge as a whole manifestly related to the cause of action so indicated and is barren of instructions inapplicable thereto and germane only to a claim in tort founded on negligence.

The appellant's claim of prejudice because of non-submission of the tort theory is based upon the principles that while in an action for breach of agreement by a broker to procure insurance, negligence of the plaintiff contributing to the injury sustained by him does not defeat the action but is merely to be considered on the question of damages, in an action founded on tort contributory negligence would have the effect of defeating the action. *Elam* v. *Smithdeal Realty & Ins. Co., supra*, p. 604; 7 Couch, § 1869. In the present case, the respect in which plaintiff is claimed to have been negligent is in his failure to inform himself as to the contents of the policy including the misstatements as to prior burglary. It is significant of the scope of the case as tried that the only charge requested by the defendant on this point was to the effect that by such failure the plaintiff is estopped from complaining of, and is to be deemed to have ratified and confirmed, the acts of the defendant in procuring the policy in the form in which it was issued. It is decisive of the appellant's claim of prejudice that the court charged that if the jury found that the plaintiff did neglect his duty in informing himself of the contents of the policy he would be precluded thereby from recovery. The effect so accorded to negligence of the plaintiff, if found, was greater than attached to it in an action for breach of the contract

and all that could accrue therefrom in an action founded on tort.

Error is assigned in failing to instruct the jury that the plaintiff was chargeable; as a matter of law, with actual knowledge of the contents of the policy accepted by him. The general rule is that where a person of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is his duty to read it and notice of its contents will be imputed to him if he negligently fails to do so; but this rule is subject to qualifications, including intervention of fraud or artifice, or mistake not due to negligence, and applies only if nothing has been said or done to mislead the person sought to be charged or to put a man of reasonable business prudence off his guard in the matter. *Elam* v. *Smithdeal Realty & Ins. Co., supra,* p. 603; *Kornblau* v. *McDermant,* 90 Conn. 624, 629, 98 Atl. 587; *Fidelity & Casualty Co.* v. *Palmer,* 91 Conn. 410, 416, 99 Atl. 1052; *Back* v. *People's National Fire Ins. Co.,* 97 Conn. 336, 343, 116 Atl. 603; *West* v. *Suda,* 69 Conn. 60, 36 Atl. 1016; *Floars* v. *Aetna Life Ins. Co.,* 144 N. C. 232, 56 S. E. 915, 11 L. R. A. (N. S.) 357; *Bostwick* v. *Mutual Life Ins. Co.,* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246. In *Fries-Breslin Co.* v. *Bergen,* 176 Fed. 76, on which the appellant depends, it appears that the defendant brokers merely brought the insured and the insurer into contractual relations, without knowledge of chattel mortgages on the property, and it was held that it did not devolve upon them to inform the plaintiff as to stipulations and conditions included in the policy. It was pointed out, however (p. 79), that if the defendants knew of the chattel mortgages which violated the conditions, and "in the face of this knowledge" secured new policies containing the mortgage provision avoiding the insurance, they would be liable.

In the instant case one of the main issues contested was whether the defendant knew of the prior burglary, and the verdict imports a finding by the jury that he did. The trial court was correct in leaving to the jury, under instructions which are not directly attacked, determination as to whether the plaintiff, under all the circumstances, was chargeable with such want of diligence in not informing himself as to the contents of the policy as to charge him with knowledge thereof.

The necessity of proof by the plaintiff of reliance upon representations of the defendant that he would procure him protection was repeatedly and sufficiently charged, and the appellant's claim of deficiency in this respect is not sustainable.

Error is assigned in the failure to charge that it was for the plaintiff to prove, as an element essential in establishing a loss "as a result of the defendant's alleged breach of his contract of agency," that the plaintiff could have secured a burglary insurance policy that would have indemnified him against loss, notwithstanding the previous loss by burglary. No request was made for a charge upon this point and there is no indication in the record that it was raised or suggested upon the trial or until it was advanced in support of the motion to set aside the verdict, and we would be justified in declining to take cognizance of it. *Stein* v. *Davidson*, 110 Conn. 4, 7, 147 Atl. 1. However, in a case of this nature, prima facie, the plaintiff's damage would be the amount that could have been recovered under a policy procured in accordance with the defendant's undertaking (7 Couch, § 1869) and it was incumbent on the defendant to show that, notwithstanding, the plaintiff suffered no actual damage through defendant's fault in that the risk, because of the prior burglary, was uninsurable in any reputable

company. *Green* v. *Bouton*, 101 Wash. 454, 172 Pac. 576; *Griffin* v. *Neelis*, 14 La. App. 301, 125 So. 888; 1 Mechem, Agency (2d Ed.) § 1320. This course of procedure was adopted, properly, in *MacKay* v. *Aetna Life Ins. Co.*, 118 Conn. 538, 173 Atl. 783. These considerations dispose not only of the assignment directed against the charge but also of the claim, made in support of claimed error in refusing to set aside the verdict, that the plaintiff offered no evidence of procurable indemnity.

The further grounds of attack upon the verdict are that the evidence was not such as to warrant the essential conclusions that the defendant undertook to procure protection for the plaintiff or to do more than to bring about contractual relations between him and the insurer, that the plaintiff relied upon the defendant to procure such protection, and that he was so misled or put off his guard by statements or conduct of the defendant as to relieve him from the ordinary consequences of failure to read his policy. It is enough to say, in addition to the foregoing discussion, that the evidence, either directly or by fair inference, affords to each of these conclusions support sufficient to preclude us from overruling the refusal of the trial court to set aside the verdict.

There is no error.

In this opinion the other judges concurred.