[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff has instituted the underlying action to recover under a builder's risk insurance policy issued to the Plaintiff by the Defendant, Maryland Casualty Company, after the loss by fire of a house which was under construction. The Complaint consists of Two Counts. The First Count, against the Defendant, Maryland Casualty Company, sounds in breach of contract and alleges that Defendant Maryland Casualty Company has failed to pay the policy limits of said insurance policy even though the Plaintiff's loss was equal to, or in excess of the policy limits. The Second Count, against the Defendants, Alan W. Steeves and Steeves, Smith Associates, Inc., sounds in negligence and alleges that the Defendants, as the Plaintiff's insurance agent and agency respectively, breached their duty to the Plaintiff by, among other things, failing to maintain adequate insurance coverage sufficient to compensate for a total loss of the covered property.
The Defendant, Maryland Casualty Company, has moved for Summary Judgment on the First Count and claims that it has fully CT Page 7825 performed under the terms and conditions contained within the policy in question. The Plaintiff does not despite the following recitation of facts as set forth in the Defendant's memorandum in support of its motion:
 "According to the affidavit of David B. Kurland, property casualty adjuster of the Defendant, Maryland Casualty Company, on June 28, 1988 there was in effect an insurance policy written by Maryland Casualty Company in favor of Margaret Gorlo for property located on Chanda Drive in Stratford, Connecticut, protecting said property against fire loss with coverage of $150,000.00. . . . Said property was subsequently destroyed by fire on June 25, 1988 (See Plaintiff's Revised Complaint dated April 4, 1989).
 On January 10, 1989, Defendant Maryland Casualty Company paid $125,191.11 to the Plaintiff, Margaret Gorlo, in full payment of Defendant Maryland Casualty Company's obligations under the aforesaid insurance policy issued to Margaret Gorlo. . . . The payment made to Margaret Gorlo was computed under the co-insurance provisions of the Maryland Casualty policy issued to Margaret Gorlo which contain the following language:
 `We [Maryland Casualty Company] will not pay you [Margaret Gorlo] more for any loss than the percentage obtained by dividing the amount of insurance shown elsewhere in this policy for Completed Value (the actual cash value of building materials, including labor performed and overhead and profit, installed and awaiting installation at jobsite) of project by the expected completed value (the actual cash value of building materials, including labor performed and overhead and profit, installed and awaiting installation at jobsite) of the project at the time of the loss. In no event, however, will our payment exceed the amount of insurance shown.' (See affidavit of David B. Kurland, attached as Exhibit A; Request to Admit dated June 14, 1989, attached as Exhibit B; and certified copy of the policy in question, attached as Exhibit C)."
Nor does the Plaintiff contest the representations CT Page 7826 regarding co-insurance provisions as contained in the Defendant's memo: in specific that co-insurance provisions are generally enforceable; that their effect is to reduce the liability of an insurer if the insured does not fully insure the property covered by the policy; and that if the estimated completion value of the property equals, or is less than the face amount of the policy, the insurer bears the entire risk of the loss, but that if the expected completed value of the covered property exceeds the face amount of the policy, the insurer and the insured bear the risk in the ratio of the fact amount of the policy to the expected completed value of the covered property. In this case the ratio
 150,000.00 insurance obtained ---------- was .47, which 320,000.00 expected completed value
figure was then multiplied by the actual loss resulting in a figure was then multiplied by the actual loss resulting in a figure of $123,292.46 which amount was paid to the Plaintiff. As a result the Maryland Casualty Company has moved for Summary Judgment claiming there is no further obligation due and owing the Plaintiff, Margaret Gorlo.
In opposition, the Plaintiff argues, that although the Second Count of the Complaint, as presently written, does not allege that Alan Steeves was an agent of the Defendant Maryland Casualty Company, principles of agency and insurance suggest that the Defendant Company may be liable for the acts of Steeves.
An insurance broker is defined as:
 "any person partnership association or corporation who or which for compensation, acts or aids in any manner in negotiating such contracts, or in placing risks or soliciting or effecting insurance as agent for a person other than himself, and not as an officer, traveling salaried employee or licensed agent of an insurance company." Conn. Gen. Stat. 38-69.
Generally, an insurance agent is to be distinguished from a broker, in that "a broker is one who acts as a middleman . . . and who solicits insurance . . . under no employment from any special company" Lewis v. Michigan Miller Mutual Ins. Co., 154 Conn. 660
(1967). He is the agent of the insured in negotiating a CT Page 7827 policy and as such owes a duty of care to his principal. Ursini v. Goldman, 118 Conn. 554, 559 (1934). See also, Appleman, Insurance Law Practice, Volume 16A 8841, p. 171.
Nevertheless, an insurance company "may be liable for [a broker's] negligent acts during the course of the procurement and issuance of the insurance contract." Passarello v. Lexington Insurance Co., 740 F. Sup. 933, 938 (D.Conn. 1990) Citing Teleco Oilfield Services, Inc. v. Skandia Ins. Co.,565 F. Sup. 753, 757(1). Conn. 1987), the Passarello court states that insurance brokers act as "dual agents," representing in the insured in . . . obtain[ing] a policy, . . . [but acting] for the insurer in delivering the policy and in collecting and remitting the premiums."' Passarello at 938.
Thus, even without the existence of an employment contract between the insurance company and insurance broker, a respondent superior relationship may be implied, and liability imposed, upon the insurance company in certain circumstances. Id. Therefore, a significant question of fact remains and the Motion for Summary Judgment must be denied accordingly. Conn. P.B. 384.
KATZ, JUDGE.