[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff instituted the present action seeking to recover monetary damages and other relief upon claims of fraudulent concealment, negligent and reckless conduct, and violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes 42-110a et. seq. The plaintiff alleges that she and Bernard Blucher were owners of property located in Bridgeport, Connecticut and in October of 1985 the defendant entered into an agreement with Bernard Blucher solely to lend the sum of $101,250 to be secured by a first mortgage on the property. The plaintiff further alleges that on October 17, 1985 the agreement was consummated and funds were disbursed to Bernard Blucher at a closing which the plaintiff did not attend. The plaintiff further alleges that she not sign any documents in October of 1985 but rather, in December of 1985, signed a mortgage deed which was then recorded on the land records. The plaintiff claims that at no time during October of 1985 or December of 1985 did the defendant ever advise the plaintiff of her rights including the right to be present at the closing; the right to receive proceeds; her right to be represented by counsel; and her right to rescind the transaction. The plaintiff further alleges that in December of 1985 when the plaintiff signed the mortgage deed, the defendant failed to advise her of the aforesaid rights; that the failure to so advise her and warn her continues to the present date. The defendant moved for a summary judgment asserting that the claims made by the plaintiff are barred by the applicable statutes of limitation.
The affidavits and deposition transcripts submitted by the parties establish that the plaintiff was licensed to sell real estate since the 1970's and would recognize mortgage documents. In December of 1985 the plaintiff and Bernard Blucher were husband and wife and Bernard Blucher called the plaintiff and told her that he wanted her to sign some papers. The plaintiff then went to a lawyer's office where she signed various documents including a mortgage deed, although she did not receive any explanation regarding the documents and did not receive copies of the documents at that time. The plaintiff was never advised that two months prior thereto her ex-husband had received the amount of the loan; that she had certain truth and lending rights; that she had a right of recision; or that she had a right to be represented by an attorney.
The plaintiff does not claim that any statement or representation was made to her by any representative of the defendant. In fact the plaintiff has testified, by deposition, that she has never met with or talked with anyone from the defendant either before or after December of 1985. CT Page 11257
The claims asserted by the plaintiff in the First and Second Counts assert legal tort claims, as opposed to equitable claims, while the Third Count purports to set forth a claim under CUTPA. General Statutes 52-557 provides that no action founded upon a tort shall be brought but within three years "from the date of the act or omission complained of" and applies to all tort actions which do not fall within the provisions of other statutes of limitations. See, Collens v. New Canaan Water Co., 155 Conn. 477,491 (1967). Accordingly, the First and Second Counts of the Complaint are governed by the Statute of Limitations contained in General Statutes 52-577. The Third Count of the Complaint, which alleges a CUTPA violation, is governed by General Statutes42-110g(f), which provides that an action under CUTPA "may not be brought more than three years after the occurrence of a violation." In Fichera v. Mine Hill Corporation, 207 Conn. 204,217 1988, our Supreme Court noted that the application of fraudulent concealment, under General Statutes 52-595, so as to toll the statute until discovery, would defeat the legislative intention expressed in 42-110g(f) that actions for CUTPA violations are barred after the lapse of more than three years from their occurrence terms.
The events giving rise to the claims advanced by the plaintiff took place in December of 1985 and suit was not instituted until May of 1992, over six and one-half years later. Accordingly, the plaintiff has demonstrated that suit was instituted more than three years from the date of the act or omission complained of. The test for the determination of a Motion for Summary Judgment is whether the party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, 213 Conn. 354, 364 (1990). Once the moving party has presented evidence in support of the Motion for Summary Judgment, the opposing party must present evidence to demonstrate the existence of factual issues and mere assertions of fact are insufficient. State v. Goggin, 208 Conn. 606, 616 (1988).
While the complaint does not assert concealment as a reply to the special defenses asserted by the defendant, the complaint does allege a claim of fraudulent concealment. Accordingly, the court will consider the matter as one in which fraudulent concealment is claimed to toll the Statute of Limitations. Fraud is not to be presumed but must be proven by clear, precise and unequivocal evidence and the plaintiff must establish that the defendant was aware of facts necessary to establish a cause of CT Page 11258 action and intentionally concealed those facts from the plaintiff in order to obtain a delay which the defendant afterward seeks to take advantage of by pleading the Statute. Connell v. Cowell,214 Conn. 250-252 (1990); Boundbrook Association v. Norwalk,198 Conn. 660, 665, cert. denied 479 U.S. 819, 107 S.Ct. 81,93 L.Ed.2d 36 (1986). Under the evidence submitted to the court, the plaintiff would be unable to satisfy the burden of demonstrating fraudulent concealment of a cause of action. The testimony indicates that the plaintiff never spoke with any representative of the defendant. The most that can be said of the plaintiff's claims is that the defendant failed to take certain actions in 1985, which is an insufficient basis to conclude that the plaintiff has established that a question of fact exists as to whether the actions of the defendant constituted fraudulent concealment sufficient to toll the Statute of Limitations.
The plaintiff also claims that there is a continuing duty on the part of the defendant to advise her of her rights and therefore the Statute of Limitations does not operate as a bar to her claims. However, the continuing course of conduct cannot be the failure of the alleged tort feasor to notify the plaintiff of the wrongdoing, but requires either a special relationship between the parties giving rise to a continuing duty or some later wrongful conduct on the part of the defendant. Connell v. Cowell, 214 Conn. 242, 255 (1990). In the present case, the plaintiff had been licensed to sell real estate for many years prior to the transaction and was familiar with mortgage documents. The plaintiff's conduct therefore comes within the rule, which has qualifications not here raised by the evidence, that one who signs a formal written document effecting her pecuniary interest has the duty to read the document and notice of its contents will be imputed to her if she negligently fails to do so. Ursini v. Goldman, 118 Conn. 554, 562 (1934). In the circumstances presented by this case, the court cannot find a continuing duty on the part of the defendant.
The complaint does not raise issues relating to rights arising out of Truth and Lending Statutes and the plaintiff makes no reference to such statutes, although there is a general reference to truth in lending rights. However, under such statutes a right to recision would expire three years after the date of consummation of the transaction and actions under General Statutes 36-407 (e), must be brought within one year from the date of the occurrence of the violation. See, 15 U.S.C.A. 1635; General Statutes 36-407(j)(3). CT Page 11259
Accordingly, the Motion for Summary Judgment filed by the defendant is hereby granted.
RUSH, J.