[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiffs, Julien Pinette and Norma Pinette, instituted this action against the defendant, North American Underwriters, Inc. (North American), to recover damages they allegedly sustained as a result of the defendant's failure to procure adequate homeowner insurance. In a third-party complaint, North American seeks indemnification from the third-party defendants Maryland Casualty Company (Maryland Casualty) and Assurance Company of America (Assurance Company). Earlier in this action, the court (Pickett, J.) granted a stay of proceedings pending the outcome of related federal litigation. In that litigation, the plaintiffs brought suit against Maryland Casualty and Assurance Company seeking recovery under a homeowner insurance policy. The federal district court granted summary judgment in favor of Assurance Company, who was substituted as the sole defendant, on the ground that the plaintiffs made material misrepresentations in the policy application that invalidated the policy. The Second Circuit Court of Appeals affirmed this decision. With the federal litigation now concluded, North American, who is joined in this motion by Maryland Casualty and Assurance Company, moves for summary judgment.
The complaint alleges the following facts. In August 1990, the plaintiffs contracted North American to procure automobile, homeowner and business insurance. The plaintiffs provided North American with relevant information and documentation needed to obtain coverage and, relying on North American's reputation and claims of expertise, signed various blank application forms. The plaintiffs paid the necessary premium, thereby contracting with North American to procure casualty insurance as instructed. Subsequently, the plaintiffs received the necessary policies of insurance covering their residence in Thomaston, Connecticut. On December 20, 1990, the plaintiffs sustained a covered loss when their residence and its contents were destroyed by a fire. Following this loss, the plaintiffs discovered that they did not have adequate insurance on either the dwelling or its contents. They also discovered that the policy of insurance procured by North CT Page 9280 American did not have a rider or other language providing either "full replacement" or "guaranteed replacement" coverage despite specific instructions to include such language.
The first count of the complaint alleges that North American was negligent in the following ways: by failing to examine the documentation provided to it by the plaintiffs; by relying on a declaration sheet that had factual errors as a basis for an amount significantly less than necessary; and by failing to provide the necessary rider covering "full replacement" or "guaranteed replacement." The second count alleges breach of contract. The third count alleges a violation the General Statutes Sec. 42-110b, the Connecticut Unfair Trade Practices Act (CUTPA). The fourth count alleges that North American breached the duty of care owed by insurance agents in procuring insurance coverage.
North American filed an amended answer and eleven special defenses. These special defenses include claims of contributory negligence in failing to provide complete and accurate information, failing to examine the policy when received, withholding relevant information, failing to disclose prior loss history or policy cancellations, res judicata, collateral estoppel, and rescission of the insurance policy in question due to the plaintiffs' misrepresentation of material facts on the policy application. The plaintiffs filed a general denial of these special defenses.
North American, who is joined by the third-party defendants Maryland Casualty and Assurance Company, now moves for summary judgment on the basis of the outcome of the parallel federal litigation. In support of its motion, the defendant filed memorandum of law and supporting documentation. The plaintiff timely filed a memorandum in opposition and a copy of an affidavit filed in the federal litigation.
"Summary judgment procedure, generally speaking, is an attempt to dispose of cases in a manner which is speedier and less expensive for all concerned than a full-dress trial." Orenstein v.Old Buckingham Corp., 205 Conn. 572, 574, 534 A.2d 1172 (1987). "Practice Book Sec. 384 provides that `summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Water Way Properties v. Colt's Mfg. Co., 230 Conn. 660,664, ___ A.2d ___ (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all CT Page 9281 material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact."Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507
(1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Water Way Properties v. Colt's Mfg. Co.,
supra, 664. "The test is whether a party would be entitled to a directed verdict on the same facts." Haesche v. Kissner, 229 Conn. 213,217, ___ A.2d ___ (1994).
North American moves for summary judgment on two grounds. First, it argues that in their application for insurance, the plaintiffs made misrepresentations of material fact concerning their prior loss history and prior insurance cancellations. North American contends that the plaintiffs had a duty to read the contents of the application, and their failure to do so is inexcusable negligence that results in the rescission of the policy. North American's second ground is that the plaintiffs' claims have been rendered moot by virtue of the federal court's decision invalidating the insurance policy. North American argues that the issue of whether the plaintiffs are entitled to guaranteed replacement coverage is moot because by their own inexcusable negligence, the plaintiffs have no insurance coverage of any kind.
In opposition to this motion, the plaintiffs argue that the issues addressed in the federal litigation are distinct from the issues presently before the court. The most significant of these issues, the plaintiffs contend, is the duty owed by insurance agents in procuring insurance coverage. The plaintiffs also contend that the factual issue of what the plaintiffs told the North American's employee when applying for the insurance was never resolved in the federal litigation. Additionally, the plaintiffs contend that there are genuine issues of material fact as to North American's special defenses that preclude summary adjudication of this case.
An insurance agent owes a duty to his principal to exercise reasonable skill, care and diligence in effecting the insurance, and any negligence or other breach on his part which defeats the insurance will render him liable to his principal for the resulting loss. Ursini v. Goldman, 118 Conn. 554, 559, 173 A. 789 (1934);Todd v. Malafronte, 3 Conn. App. 16, 23, 484 A.2d 463 (1984). "Where he undertakes to procure a policy affording protection CT Page 9282 against a designated risk, the law imposes upon him an obligation to perform with reasonable care the duty he has assumed, and he may be liable for loss properly attributable to his default." Id. Thus, an action against an insurance agent for failure to obtain insurance may be brought under a theory of either negligence or breach of contract. Rametta v. Stella, 214 Conn. 484, 489,572 A.2d 978 (1990).
Neither party addressed in their memoranda the case of Ursiniv. Goldman, supra, which is the seminal Connecticut decision addressing the issue of the liability of an insurance agent or broker in procuring inadequate or ineffective property insurance. See Annotation, 72 A.L.R.3d 747 (1976). In Ursini, the plaintiff, after his store had been burglarized, contracted with the defendant insurance broker to procure burglary insurance. Ursini v. Goldman,
supra, 118 Conn. 557. The defendant procured such a policy, but failed to inform the insurer of the prior burglary, even though he was aware of it. Id. The insurance policy application included a representation that there had been no burglary on the premises in five years. Id. Based on the defendant's statements as to his ability to get adequate coverage and of his insurance expertise, the plaintiff did not read the policy or application, but instead placed them in his safe believing he was protected against a loss. Id., 557-58. Subsequently, the plaintiff's store was again burglarized and the insurer refused to pay. Id., 558. In the plaintiff's suit against the insurer, a verdict was directed in the insurer's favor based on the breach of the representation that there had been no prior burglary within the past five years. Id.
The plaintiff proceeded to sue the defendant broker and received a favorable jury verdict. Id., 559. The Supreme Court upheld the verdict and discussed the defendant's contention that the "plaintiff was chargeable, as a matter of law, with actual knowledge of the contents of the policy accepted by him." Id., 562-63. The court stated that
 [t]he general rule is that where a person of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is his duty to read it and notice of its contents will be imputed to him if he negligently failed to do so; but this rule is subject to qualifications, including intervention of fraud or artifice, or mistake not due to CT Page 9283 negligence, and applies only if nothing has been said or done to mislead the person sought to be charged in or to put a man of reasonable business prudence off his guard in the matter.
(Citations omitted.) Id., 562. The court also noted that where a broker is aware of circumstances violating a condition of the insurance policy and fails to inform the insured of these circumstances, the broker may be liable. Id., 562-63, citingFries-Breslin Co. v. Bergin, 176 F. 76 (3rd Cir. 1909). The court found that one of the main issues of the case was whether the defendant knew of the prior burglary and concluded that the plaintiff's favorable verdict indicated that the jury found that he did. Id., 563. The court also found that the issue of whether the plaintiff was chargeable under all the circumstances of knowledge of the contents of the application was properly left for the jury. Id.
In the present case, North American also contends that the plaintiffs are chargeable with actual knowledge of the contents of the policy application since they did not read it. Thus, North American contends that the plaintiffs are not entitled to any recovery because the application contains material misrepresentations of fact concerning prior loss history and insurance cancellations. As in Ursini, however, an issue of fact exists as to whether North American's employee was aware of the plaintiffs' prior loss and insurance cancellation when he procured the insurance. North American did not present sufficient evidence on this motion to show, as a matter of law, that its employee was unaware of these circumstances that effectively invalidated the plaintiffs' insurance policy. Knowledge of circumstances that would invalidate the policy and failing to inform the insured of these circumstances may render an agent liable regardless of the insured's failure to read the application or policy. Ursini v.Goldman, supra, 118 Conn. 562-63.
North American submitted the following documentation in support of its motion: a copy of the federal district court's memorandum of decision, a copy of the insurance application, portions of deposition testimony of the plaintiff Julien Pinette and the defendant's employee, James Cooper, and a copy of the memorandum of decision of the Second Circuit Court of Appeals. North American, however, failed to submit any affidavits in support of its motion. Instead, its documentation consists primarily of excerpts of uncertified deposition testimony that has been held to CT Page 9284 be insufficient as a basis for granting a summary judgment motion.Oberdick v. Allendale Mutual Insurance Co., 9 Conn. L. Rptr. 607, 608-09 (August 25, 1993, Celotto, J.). Additionally, the copy of the policy and the excerpts of the deposition testimony support conclusions that the plaintiffs do not dispute: that their policy application failed to contain a prior fire loss in 1988 and a prior cancellation of automobile insurance; and that they failed to read the application after it was completed by James Cooper. The plaintiffs, however, dispute whether North American's employee, Cooper, had knowledge of the prior loss when he completed the application. The affidavit of the plaintiff Julien Pinette states that when he applied for the insurance, he provided Cooper a copy of an insurance application that clearly stated that a prior loss occurred. Therefore, an issue of fact exists as to whether North American's agent was aware of the prior loss through the documentation provided by the plaintiff Julien Pinette and failed to inform the plaintiffs that this circumstance could invalidate the policy. Additionally, the documentation submitted by North American is insufficient to support a conclusion that, as a matter of law, the plaintiffs are chargeable with actual knowledge of the prior insurance cancellation.
North American places emphasis on the conclusion of the federal district court and court of appeals that the insurance policy was unenforceable against the insurer on the basis of the plaintiffs' misrepresentation of their prior loss history on the policy application. In fact, its second ground for summary judgment rests on this determination that the policy is unenforceable against the insurer. The defendant apparently attempts to give collateral estoppel effect to the federal courts' decisions invalidating the policy. For this issue to be subject to collateral estoppel in this suit, it must have been fully and fairly litigated, actually decided and necessary to the federal court's judgment; Aetna Casualty Surety Co. v. Jones, 220 Conn. 100,110, 537 A.2d 439 (1988); additionally, the issue sought to be litigated in this action must be identical to the one litigated in the prior proceeding. Crochiere v. Board of Education, 227 Conn. 333,345, 630 A.2d 1027 (1993). Applying these principles to the present case, the federal court decision concerning rescission of the insurance contract is not entitled to collateral estoppel effect.
The issues that the federal court addressed in deciding whether to rescind the insurance policy are not identical to those present in this action. The memoranda of decision of both the CT Page 9285 district court and the court of appeals show that the determination of the agent's knowledge was not necessary for the court to reach the conclusion that the policy was unenforceable. The district court stated that "the plaintiffs are bound by the terms of the insurance application. . . notwithstanding what Mr. Pinette may or may not have said over the phone [to his agent] concerning the fire." Pinette v. Assurance Company of America, United States District Court, District of Connecticut, No. 291CV01026 (April 13, 1994, Covello, J.). Additionally, the court of appeals stated, "[t]hat Pinette supplied the correct information to the agent, who then wrote down the wrong answer, is insufficient standing alone to relieve plaintiffs of responsibility for the misrepresentation." Id., United States Court of Appeals for the Second Circuit, No. 94-7622 (April 7, 1995). The federal court decisions, therefore, determined that what the plaintiffs said to their agent, standing alone, was irrelevant in deciding the liability of the insurer under the policy.
In this case, however, the plaintiffs seek to recover directly from their agent for negligence and breach of contract. As stated earlier, the Ursini decision indicates that in an action against the agent or broker, knowledge of conditions that would invalidate the policy and failing to inform the insured of these conditions is sufficient to hold an agent liable for negligence or breach of contract. Ursini v. Goldman, supra, 118 Conn. 562-63. The agent's liability on these grounds arises, even though the insureds failed to read the policy, because of his duty "to exercise reasonable care, skill and diligence in effecting the insurance."Ursini v. Goldman, supra, 559. Thus, the issue of what the plaintiffs disclosed to their agent when applying for the insurance, which was not relevant in the plaintiffs' action against its insurer, is relevant in their action against their agent.
In arguing that the federal court decisions render moot the plaintiffs' claim, North American also points out that the claim is based on whether or not a guaranteed replacement cost policy was sought or included in the policy. North American contends that this issue is moot because, if the plaintiffs are not entitled to recover under the policy at all, it makes no difference whether the policy contained a guaranteed replacement clause. North American, however, ignores that the plaintiffs have also alleged two other grounds of negligence: failing to read the documentation supplied with the application; and relying on a declaration sheet that had factual errors. Thus, the plaintiffs negligence claims are not limited to North American's alleged failure to include a guaranteed CT Page 9286 replacement cost provision in the policy. Additionally, the second count of the complaint for breach of contract is not limited to allegations of failing to include a guaranteed replacement cost clause in the policy.
Moreover, simply because the plaintiffs cannot recover against their insurer under the policy does not render the plaintiffs' claims against their agent moot. In Ursini, supra, the plaintiff's policy was held unenforceable against the insurer because of the failure to include a prior loss in the policy application, but the plaintiff was still entitled to recover from its broker. Similarly, in this case, the federal court's decision that the policy is unenforceable against the insurer does not render moot the plaintiffs' claims of negligence and breach of contract against their agent.
For these reasons, the defendant's motion for summary judgment is denied.
PICKETT, J.