[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Community Action Agency of New Haven, Inc., filed a four-count complaint on January 26, 1999, alleging that he entered into an insurance contract with the defendant, Monticello Insurance Company, but that the defendant refused to pay for damages to the plaintiff's building caused by a windstorm and/or water. The plaintiff further alleges that the defendant breached its contract, acted negligently in refusing to pay the plaintiff for the damage it suffered (count two), breached its implied covenant of good faith and fair dealing (count three), and engaged in unfair and/or deceptive trade practices (count four), in violation of General Statutes § 42-110(a) et seq. CT Page 12973
On April 12, 1999, the defendant filed a motion to strike the second count of the plaintiff's complaint on the ground that Connecticut does not recognize a claim for tortious breach of contract, and counts three and four on the ground that the plaintiff fails to plead sufficient facts to support these claims.
As required by Practice Book § 10-42, the defendant has filed a memorandum in support of its motion to strike, the plaintiff has timely filed a memorandum in opposition, and the defendant has filed a reply to the plaintiff's opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). (Internal quotation marks omitted.) "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,383 n. 2, 650 A.2d 153 (1994). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." Id., 384.
The defendant argues, in its memorandum in support of its motion to strike, that count two should be stricken because Connecticut does not recognize a cause of action for tortious breach of contract. In its reply memorandum to the plaintiff's opposition memorandum, however, the defendant concedes that Connecticut does recognize a cause of action for negligent performance of a contract, but that the plaintiff has failed to plead the required elements of a negligence action.
As the defendant properly recognizes in its reply memorandum, Connecticut does recognize a cause of action for negligent performance of a contract. "A party may be liable in negligence for the breach of a duty which arises out of a contractual relationship. . . . Even though there may not be a breach of contact, liability may arise because of injury resulting from negligence occurring in the course of performance of the contract." (Citations omitted.) Johnson v. Flammia,169 Conn. 491, 496, 363 A.2d 1048 (1975); see also Ursini v. Goldman,118 Conn. 554, 560-62, 173 A.2d 789 (1934). Therefore, that the CT Page 12974 defendant's motion is denied on this basis.
The defendant argues in its reply memorandum that, although Connecticut recognizes such a cause of action, the plaintiff has failed to plead the requisite elements. The movant is restricted to the grounds stated on the face of the motion. See Blancato v.Feldspar, 203 Conn. 34, 44, 522 A.2d 1235 (1987). The defendant has impermissibly expanded the grounds of his motion to strike by inserting a "ground" in its reply memorandum of law, and the court need not address that issue. The third and fourth counts are stricken because the facts, as pleaded, are insufficient to support claims of a breach of the implied covenant of good faith and fair dealing and of actions constituting unfair and/or deceptive trade practices, respectively. As the plaintiff concedes in its memorandum of opposition, "the Third and Fourth Counts of its complaint as pleaded may be stricken for the reasons stated in the defendant's Memorandum." (Emphasis in original.)
The motion to strike as to count two is denied because Connecticut recognizes a cause of action for negligence based in contract.
Further, with respect to counts three and four, the plaintiff admits that its complaint does not allege sufficient facts to survive a motion to strike. Therefore, the motion to strike as to counts three and four is granted.
Howard F. Zoarski Judge Trial Referee