[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Citizens Bank, has filed a complaint against the defendant, Shirley Trevolitz, as to monies allegedly owed the plaintiff by the defendant. The plaintiff has filed a motion for summary judgment on this complaint. The plaintiff argues that there are no issues of fact in dispute and that it is entitled to summary judgment as a matter of law.
A review of the pleadings indicates that the defendant is the guarantor on a promissory note between the defendant's son-in-law and the plaintiff. The guaranty agreement, signed by the defendant, binds her as to all debts, present and future, CT Page 735 incurred by the son-in-law. The son-in-law has been discharged in bankruptcy and the plaintiff now seeks immediate payment by the defendant/guarantor of all outstanding obligations, which currently exceed $50,000. It argues that it is entitled to summary judgment as there are no questions of fact concerning the language of the guaranty agreement that was signed by the defendant.
The defendant opposes the plaintiff's motion for summary judgment alleging she was not made aware of the fact that she was to be a guarantor as to all debts incurred by her son-in-law. The defendant argues that she was never given the opportunity to read the guarantee agreement and did not comprehend the full nature of her role in the financial dealings between the plaintiff and her son-in-law.
The motion for summary judgment is granted as to the first count.
The evidence before the court shows that the defendant was aware that she was acting as guarantor for the first loan in the amount of $38,000. While the defendant may not have read the guaranty agreement, her deposition and affidavit in opposition to the motion for summary judgment show that she was aware of the fact that she was guaranteeing that amount. The defendant was informed of her role as guarantor by her son-in-law and signed the agreement knowing that her son-in-law would not receive the loan if she failed to sign the agreement. As there are no material facts in dispute as to the first loan, the plaintiff is entitled to summary judgment as to the first count.
The court feels that there are questions of fact that prohibit granting summary judgment as to the second count.
It is a general rule that "where a person of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is [that person's] duty to read it and notice of its contents will be imputed to do so." Ursini v. Goldman, 118 Conn. 554, 562, 173 A. 789 (1934). This rule, however, is "subject to qualifications, including intervention of fraud or artifice, or mistake not due to negligence, and applies only if nothing has been said or done to mislead the person sought to be charged or to put a [person] of reasonable business prudence off . . . guard in the matter." Id. CT Page 736
In this case, the defendant has offered an affidavit attesting to the fact that she was not given the opportunity to read the document she was signing and that her son-in-law told her that she was guaranteeing only a portion of the now total debt.[1] There is a question of fact as to whether, under the circumstances, the defendant is to be charged with knowledge of the agreement's contents. See North American Bank Trust Co. v.H.J. Mills, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 113389 (July 7, 1995, McDonald, J.) (summary judgment denied where question remained as to whether the defendant was diligent in failing to read the document, under the circumstances presented). But see, Bank of Boston Conn. v.Security Group, Superior Court, judicial district of Waterbury, Docket No. 105564 (August 28, 1992, Kulawiz, J.) (in absence of fraud, defendant could not claim that he failed to read guaranty agreement).
As there remain questions of fact concerning the second loan, summary judgment is inappropriate at the present time. The motion for summary judgment as to the second count is denied.
GROGINS, J.