[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO REARGUE
In a memorandum of decision dated January 24, 2000, I granted the defendant New England Life's motion for summary judgment in its entirety and granted the defendant T.R. Paul's motion for summary judgment except as to Count One, which alleges a breach of contract action against both defendants. I reasoned that New CT Page 3889 England Life had expressly and effectively limited the authority of any agent as to representations of the terms of the policies issued. I found that genuine issues of fact remained as to T.R. Paul on the first count, because the count alleged, at a minimum, that T.R. Paul contracted with the plaintiff for the sale of at least two sets of "DVDP's", and the "price" would be only the amount of the deferred fees for four and five years, respectively.
T.R. Paul has moved to reargue for several reasons, and I granted the motion to the extent that reargument was allowed.
One ground sought to be revisited is the claim by Paul that in count one, only one contract was alleged, and Paul was sued only in the capacity as agent for New England. Paul claims that I denied its motion for summary judgment as to the first count by conjuring a second contract that has not been alleged: an arrangement whereby Paul sold consulting services in return for a commission. See n. 4, at p. 7 of the original memorandum of decision. Although my characterization perhaps may have been inartful, the footnote was intended only to be illustrative and conceptual. The basis for the denial of Paul's motion as to count one is stated in the body of the memorandum of decision at pp. 20 et seq., and relies on specific allegations in the plaintiffs complaint and supporting materials.
Of more import is the claim by Paul that because it has been sued in count one only in its capacity as an agent for New England Life, it cannot be sued individually; as a result, no claim has been stated against Paul in the first count in any event. On analysis, this claim cannot compel the granting of summary judgment. First, because of the other allegations in the first count, it is not entirely clear that Paul was sued only in a capacity as an agent. Second, even if the sole basis of the count as to Paul is premised on agency, Paul does not necessarily prevail as a matter of law.
It is true, as a general proposition, that a disclosed principal is liable for the authorized acts of an agent, and the agent incurs no liability. See, generally, Gateway Co. v. DiNoia,232 Conn. 223, 240 (1995); Sullivan v. Mancini, 103 Conn. 110,112-13 (1925). This rubric is sensible, because in such circumstances the parties clearly understand that that is the intent of the agreement. There are circumstances, however, in which both the principal and the agent, or the agent only, may be CT Page 3890 liable.[1] See Gateway supra; and Sullivan, supra.
The case of Ursini v. Goldman 118 Conn. 554 (1934), is instructive. Goldman, an insurance broker, procured a burglary insurance policy for the plaintiff Ursini, but he failed to disclose on the application a prior burglary of which he was aware. The insurance company successfully denied coverage as to a subsequent burglary because of the material nondisclosure. The Supreme Court held that the agent could be successfully sued either for breach of contract or for tort, and in this action successfully recovered against the agent for breach of contract.Ursini, supra, 559-60.
I have carefully considered the other claims raised by Paul in its motion to reargue and do not believe that they suffice to alter the original disposition of the motion for summary judgment. In sum, I believe that genuine issues of fact remain as to the first count. The relief sought in the motion to reargue is denied.
Beach, Judge.