[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action for monetary damages for personal injuries which the plaintiff allegedly sustained when he fell while roller skating at the defendant's roller skating rink. The plaintiff alleges in his complaint that his injuries were due to the negligence of the defendant or its employees in one or more ways, including: "In that they failed to warn its patrons, including John Salvatore, of the dangerous conditions produced when a roller skate lacks a rubber stopper;" (Plaintiff's Complaint, Paragraph 7.). In that same Paragraph 7, the plaintiff alleged four additional ways in which the defendant acted in a negligent manner — failure to provide safe equipment; failure to properly repair the defective roller-skate; failure to inspect the roller-skate and; failure to give a timely warning of the danger posed by the roller-skates.
On October 3, 2000, the defendant filed a motion for summary judgment on the plaintiff's entire complaint. Thereafter, on October 18, 2000, the plaintiff filed an objection to the defendant's motion for summary judgment. This motion is now before the court.
A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989). "Practice Book § 384 [now § 17-49] provides that summary judgment shall be CT Page 2917 rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment. as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Citations omitted; internal quotation marks omitted.) Milesv. Foley, 253 Conn. 381, 385-86, 752 A.2d 503 (2000). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v. DanburyHospital, 252 Conn. 193, 201, 746 A.2d 730 (2000).
In the present case, the defendant argues that the plaintiff executed a valid and enforceable waiver on February 28, 1998, thereby precluding the plaintiff from recovery.[1] In response, the plaintiff argues that he did not have equal bargaining power with the defendant because, had he not signed the waiver, he would not have been permitted to skate. As a general matter, the Connecticut appellate courts have yet to rule on the enforceability of a waiver of negligence claims, signed by an adult participating in a recreational event.[2] "The general rule is that where a person of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is [that person's] duty to read it and notice of its contents will be imputed to [that person] if he negligently fails to do so; but this rule is subject to qualifications, including intervention of fraud or artifice, or mistake not due to negligence, and applies only if nothing has been said or done to mislead the person sought to be charged or to put a [person] of reasonable business prudence off. guard in the matter."Ursini v. Goldman, 118 Conn. 554, 562, 173 A. 789 (1934).
In the present case, the court finds that the defendant has met its burden of showing that no genuine issue of material fact exists. The waiver at issue contains express language relieving the defendant of liability in the event a patron suffers an injury through the use of defective equipment. There is no dispute that the plaintiff signed this document prior to skating. (Defendant's memorandum, Exhibit A, p. 12.) Further, the plaintiff's deposition testimony indicates that he had signed similar documents in the past at the defendant's rink and that he had read the document at some point. It also indicates that the plaintiff he had skated at the same rink at least a half dozen times before the date of his injury (Defendant's memorandum, Exhibit A, pp. 14-15 and9-10.)[3] That evidence permits the court to find that the plaintiff CT Page 2918 was familiar with the principles of roller skating and roller skating equipment — including roller skates. Had he been totally unfamiliar with the sport and its equipment, the court would be more inclined to accept his argument that he relied upon the defendant to warn him of the dangerous conditions regarding the skates and that he did not fully appreciate the import of the waiver he chose to sign before skating.
The court further finds that the plaintiff, in response, has failed to meet his burden of showing that there is a genuine issue of material fact because he fails to provide an evidentiary foundation to refute the non-existence of a genuine issue of material fact as it relates to the enforceability of the waiver. Miles v. Foley, supra, 253 Conn. 385-86. Similar to the plaintiff in Connors v. Reel Ice, Inc., Superior Court, judicial district of Hartford, Docket No. 579993 (July 24, 2000, Wagner,J.) (27 Conn.L.Rptr. 610, 611), the plaintiff was free to skate at another rink or not skate at all.[4] Additionally, there was no evidence that the plaintiff was induced by fraud or was mislead in any way when he signed the waiver. Ursini v. Goldman, supra, 118 Conn. 562.
The plaintiff further argues that enforcing such a waiver would violate public policy. "[I]t is well established that contracts that violate public policy are unenforceable." Solomon v. Gilmore, 248 Conn. 769, 774,731 A.2d 280 (1999). "[P]ublic policy is established by our constitutions, statutes and legal precedents." South Windsor v. SouthWindsor Police Union, 41 Conn. App. 649, 658, 677 A.2d 464, cert. denied, 239 Conn. 926, 683 A.2d 22 (1996). "A court should be cautious about holding contract provisions uneforceable because of violations of public policy unless the public policy reasons are absolutely clear such as barring attempted abrogation of ameliorative statutes or rectification of completely uneven bargaining power where a minor's interest for example are sought to be bound in an `unfavorable way.'" Arruda v. Donhamand Dover Inv. Prop., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 520972 (July 11, 1994, Corradino, J.); see also Lombardo v. Maguire Group, Inc., Superior Court, judicial district of Middlesex at Middletown, Docket No. 077767, (June 6, 1997,Arena, J). Had the waiver been raised as a defense against a claim by the plaintiff that the defendant had intentionally caused his injuries or had caused them by gross or wanton negligence, the public policy argument would be much more compelling than in the instant case where an experienced adult skater is injured, according to his own allegations, by a defect in a skate which he never checked before wearing out onto the rink. (Defendant's memorandum, Exhibit A, p. 32.).
In heeding the cautious approach taken by courts in evaluating whether contract provisions violate public policy; Arruda v. Donham and DoverInv. Prop., supra, Superior Court, Docket No. 520972; the court finds CT Page 2919 that the waiver at issue does not violate public policy. This case clearly does not involve an abrogation of a statute and no minor's interests were involved. Lombardo v. Maguire Group, Inc., supra, Superior Court, Docket No. 077767. The court finds that, in the present case, the public policy favoring freedom of parties of equal bargaining power to enter into a contract outweighs any disfavor the law may have for agreements exempting parties from their own negligence. As this court held, "Contracts which relieve a person of his own negligence are generally not favored in our courts. Such provisions, however, have been upheld under proper circumstances." Connors v. Reel, supra, (27 Conn.L.Rptr. 610, 611).
Under the facts alleged in the instant case, it would be improper to hold the plaintiff unaccountable for his own actions, specifically, signing the waiver. Accordingly, because the waiver and release signed by the plaintiff is valid and binding, the court finds that there is no genuine issue of material fact and the defendant's motion for summary judgment should be and is hereby granted.
By the Court,
Joseph W. Doherty, Judge