[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS DAY BERRY HOWARD AND HAROLDBUCKINGHAM'S MOTION FOR SUMMARY JUDGMENT (No. 161)
CT Page 2725
A. FACTS:
The plaintiffs, George DePasquale (George) and Josephine DePasquale (Josephine), instituted this suit for damages arising out of the execution of an employment agreement (agreement) and an irrevocable proxy (proxy) which allowed the couples' son, Blaise DePasquale (Bill), to assume control over Hartford Electric Supply Company (HESCO) which was allegedly founded by George more than 50 years ago. Prior to his death, George was the owner of approximately 96.21% of the HESCO stock. This case involves, inter alia, allegations of malpractice, undue influence, self dealing and fraud. George alleges that he never intended his attorney (Harold Buckingham and Day, Berry Howard) or his accountant (J. Michael Purcell and Kostin, Ruffkess 
Company) to create the agreement and the proxy completely removing him from control of his company and that the instruments were the product of self-dealing and fraud. Bill alleges the instruments were the result of George's consultations with his attorney (Buckingham) and accountant (Purcell), and expressly pursuant to George's wishes. After Bill refused to revoke the instruments, George filed a declaratory judgment action in the federal district court for the district of Connecticut. In said action, George requested that the court declare the agreement and the proxy a nullity, or in the alternative, to declare Bill constructive trustee of the instruments for the benefit of George. On November 22, 1993, Judge Covello held the agreement and the proxy valid and enforceable.[1] This decision was affirmed by the Court of Appeals.[2] The defendants' motion for summary judgment seeks to apply the federal court decision under the doctrines of collateral estoppel and res judicata.
B. DISCUSSION:
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Millerv. United Technologies Corp., 233 Conn. 732, 745, 660 A.2d 810
(1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.). Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986). "In deciding a motion for CT Page 2726 summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted, internal quotation marks omitted.). New Milford Savings Bank v. Roina, 38 Conn. App. 240,244, 659 A.2d 1226 (1995); Suarez v. Dickmont Plastics Corp.,
supra 229 Conn. 105. "Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment was the appropriate method for resolving a claim of res judicata." Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 712,627 A.2d 374 (1993).
"Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action." Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 296, 596 A.2d 414 (1991);Ashe v. Swenson, 397 U.S. 436, 445, 90 S.Ct. 1189, 25 L.Ed.2d 469
(1970). "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." Virgo v. Lyons, 209 Conn. 497,501, 551 A.2d 1243 (1988); Aetna Casualty Surety Co. v. Jones,
supra 220 Conn. 296. "The doctrine of collateral estoppel is `based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate.'" Aetna Casualty Surety Co. v. Jones, supra 220 Conn. 296.
In Carol Management Corp. v. Board of Tax Review, 228 Conn. 23,32-33, 633 A.2d 1368 (1993), the Supreme Court addressed the criteria for determining whether an issue is necessarily determined, and necessary to a judgment:
 "Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. (Emphasis added.) . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment. (Emphasis in original). Virgo v. Lyons,
CT Page 2727 209 Conn. 497, 501, 551 A.2d 1243 (1988); see also Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); State v. Hope, 215 Conn. 570, 584, 577 A.2d 1000
(1990), cert. denied, 498 U.S. 1089, 111 S.Ct. 968, 112 L.Ed.2d 1054 (1991). An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. (Emphasis added.) 1 Restatement (Second), Judgments 27, comment (d) (1982). An issue is necessarily determined if, `in the absence of a determination of the issue, the judgment could not have been validly rendered.' F. James G. Hazard, Civil Procedure (3d Ed. 1985) 11.19. If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. Findings on nonessential issues usually have the characteristics of dicta. 1 Restatement (Second), Judgments 27, comment (h) (1982). (Emphasis in original.) Jackson v. R. G. Whipple, Inc., 225 Conn. 705, 714-15, 627 A.2d 374 (1993)." (Emphasis in original, internal citations and quotations omitted.)
Carol Management Corp. v. Board of Tax Review, supra228 Conn. 32-33; see also Staehle v. Michael's Garage, Inc. Superior Court, judicial district of Middlesex, Docket No. 062344 (September 2, 1993, Arena, J.), affirmed 35 Conn. App. 455 (1994); ConnecticutNational Bank v. Rytman, Superior Court, judicial district of New London at New London, Docket No. 505741 (October 19, 1994, Silbert, J., 12 C.L.Rptr. 637).
"To establish whether collateral estoppel applies, the court must determine what facts were necessarily determined in the first trial, and must then assess whether the [party] is attempting to relitigate those facts in the second proceeding."Aetna Casualty Surety Co. v. Jones, supra 220 Conn. 297.
The issue in the present case is whether the determination of attorney Buckingham and Day, Berry Howard's legal representation of George were actually litigated and necessarily CT Page 2728 determined in the federal action?
The defendants point to the language in Judge Covello's decision where he states George was provided with competent and loyal advice.[3] The plaintiff alleges that Judge Covello's statement was mere dicta and not necessary to his determination of the enforceability of the instruments.
This court agrees with the plaintiff's position. The issue in the declaratory judgment action was the enforceability of the instruments. In ruling on the execution of the instruments, it was not necessary that Judge Covello rule on the standard of legal care and whether the defendants deviated from that standard. The issue of legal malpractice was not fully and fairly litigated and the decision failed to address any of the many ethical violations alleged in the present action. Where Judge Covello addressed the quality of the defendants representation, it was not necessary for the determination of the issue before him, and does not prevent the plaintiff from litigating these issue in the present action.
In Pinette v. North American Underwriters, Superior Court, judicial district of Litchfield, Docket No. 057441 (August 24, 1995, Pickett, J.), Judge Pickett stated:
 "Moreover, simply because the plaintiffs cannot recover against their insurer under the policy [first action] does not render the plaintiffs' claims against their agent moot [second action]. In Ursini [v. Goldman, 118 Conn. 554, 559, 173 A. 789
(1934)], supra, the plaintiff's policy was held unenforceable against the insurer because of the failure to include a prior loss in the policy application, but the plaintiff was still entitled to recover from its broker. Similarly, in this case, the federal court's decision that the policy is unenforceable against the insurer does not render moot the plaintiffs' claims of negligence and breach of contract against their agent."
The present case is similar to the cases of: Carol ManagementCorp. v. Board of Tax Review, supra, Ursini v. Goldman, supra and CT Page 2729Pinette v. North American Underwriters, supra, where the determination of liability against one party in the first action doesn't require, as a necessity, that no breach of duty or negligence occurred in the underlying transaction, which is the subject of the second action. As set forth in the above cases, and according to Carol Management Corp., "An issue is necessarily determined if, in the absence of a determination of the issue, the judgment could not have been validly rendered." (Quotations omitted.) Judge Covello did not need to consider legal malpractice in order to rule on the enforceability of the instruments, and accordingly, it was not an issue of necessity.
Construing the facts in the light most favorable to the plaintiffs, the defendants have failed to establish that no material questions of fact exist. Accordingly, this court is precluded from granting the motion for summary judgment.
Further, in this court's opinion, the defendants have failed to establish the additional requirements that there must be a similarity of issues between the suits and a similarity of parties. Taking the plaintiffs case in the light most favorable to them, the issues in the second case are not similar, so that the determination in the first case would fairly preclude the litigation of the issues in the second case. Nor are the parties the same, such that it would be equitable to bar the second suit. The first action brought only by George involved Bill and HESCO as defendants; the second action is brought by both George and Josephine and involves attorney Buckingham, Day, Berry Howard, accountant J. Michael Purcell and Kostin, Ruffkess Company as defendants. There is neither a similarity of parties nor is Josephine's interest the same as George's. It is decided that the defendants' motion for summary judgment should be denied on this ground also.
C. CONCLUSION:
For the reasons herein stated, it is concluded that the defendants' motion for summary judgment, ought to be and is hereby denied.