HERBERT VIRGO *v.* CHRISTOPHER J. LYONS ET AL.
(13430)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued October 11—decision released December 27, 1988

*Samuel B. Feldman,* for the appellant (plaintiff).

*John P. Clarkson,* with whom, on the brief, was *Robert E. Beach,* for the appellees (defendants).

[1] See *Canterbury Realty Co.* v. *Ives,* 153 Conn. 377, 384, 216 A.2d 426 (1966).

CALLAHAN, J. The central issue in this appeal is whether the plaintiff is collaterally estopped by an award of damages in a previous federal § 1983 action from recovering damages in the Superior Court for negligence and assault and battery. The plaintiff, Herbert Virgo, appealed to the Appellate Court from the judgment rendered by the Superior Court on the granting of the summary judgment motion of the defendants, the city of Hartford, Hartford Police Chief Bernard J. Sullivan and Hartford police officers Christopher J. Lyons, Joseph Cardillo, Armando Lupo and Robert Doherty. Thereafter, this court transferred the appeal to itself, pursuant to Practice Book § 4023. We find no error.

This action stems from a December 10, 1983 incident in which the plaintiff claims he was the victim of a false arrest and the unjust use of force by the defendant police officers. Prior to the instant action, the plaintiff filed an action against the defendants in the United States District Court for the District of Connecticut. His complaint in the federal court action contained four counts. The first count alleged that the defendants' acts constituted "false arrest, an unlawful deprivation of [the plaintiff's] liberty and his civil rights and an excessive and unjust use of force, all in violation of the first, fourth, fifth and fourteenth amendments to the United States Constitution and 42 U.S.C. 1983."[1] The second,

---

[1] Title 42 of the United States Code, § 1983, provides: "CIVIL ACTION FOR DEPRIVATION OF RIGHTS

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

third and fourth counts of the plaintiff's complaint set forth pendent state law tort claims alleging, respectively, that the defendant officers' acts constituted negligence, that the city of Hartford and Police Chief Sullivan acted negligently in the informing, counseling and training of the defendant officers, and that the defendant officers' acts constituted an assault and battery on the plaintiff.

The District Court dismissed the plaintiff's false arrest claim, finding it to be meritless as a matter of law. The District Court also exercised its discretion and dismissed the plaintiff's pendent state law claims. The plaintiff's remaining claim, seeking recovery under § 1983 for violations of his constitutional rights, was tried to a jury. On December 5, 1985, judgment was rendered in favor of the plaintiff against Officer Lupo only. The jury awarded the plaintiff compensatory damages of $25,000 and punitive damages of $1. The plaintiff also recovered costs of $1892.05 and attorney's fees in the amount of $7500. Judgment was rendered in favor of the remaining defendants.

On December 10, 1985, the plaintiff commenced this action against the same defendants in the Superior Court. The allegations of the plaintiff's state court complaint were identical to those alleged by him in the federal court action. Moreover, the plaintiff's state court complaint iterated exactly the same injuries[2] and the

---

[2] In counts one, two and three of the plaintiff's federal court complaint and the complaint filed in state court, the following injuries are listed: "(a) Severe injuries and bruises to his head, ribs and groin; (b) Severe head injuries and trauma; (c) A severe shock to his nervous system; (d) The [in]ability to perform normal personal and social activities; (e) The [in]ability to return to his work; (f) Deprivation of his liberty as a result of said unlawful arrest; (g) Public embarrassment, shame and ridicule; (h) As a further result of such illegal and unconstitutional acts by such defendants, or each of them, the plaintiff was forced to expend sums for medical treatment for the injuries which he sustained in said incident; (i) Deprivation and denial of his property rights; (j) At the time of said assault upon the plaintiff, he was

same claim for damages as did his federal court complaint.[3] By way of special defense to the plaintiff's complaint in the Superior Court, the defendants asserted that the "issues between the parties were decided in the United States District Court for the District of Connecticut and further litigation is barred by principles of res judicata and collateral estoppel." On the basis of this defense, the defendants moved for summary judgment pursuant to Practice Book § 378 et seq. The trial court, in considering the defendants' motion, concluded that the constitutional and § 1983 claims alleged in the first count of the plaintiff's state court complaint were specifically litigated in the federal court and were therefore barred by the doctrine of res judicata. It also found that, while the plaintiff's pendent state law tort claims were "not specifically litigated in the federal court case," they were barred under the doctrine of collateral estoppel because the issue of damages had already been determined in the federal court. The trial court, therefore, granted the defendants' motion for summary judgment.[4]

On appeal, the plaintiff claims that the trial court erred in granting, on collateral estoppel grounds, the defendants' motion for summary judgment addressed

---

gainfully employed." In count four, his assault and battery claim, the plaintiff excluded from both his federal and state court complaint allegations that he suffered a deprivation and denial of his property rights and that he was gainfully employed at the time of the assault. The remaining injuries claimed by the plaintiff in count four, however, are identical to those listed in the earlier counts of his complaint.

[3] According to the complaints filed in both the federal court action and the present state court action, the plaintiff claims: (1) "Money damages"; (2) "Compensatory damages for medical expenses and lost wages, for pain and suffering he endured, and for the blatant violations of his civil and constitutional rights"; (3) "Punitive damages pursuant to the statute"; (4) "Attorney's fees and the costs of bringing this action pursuant to statute"; and (5) "such other and further relief as may seem necessary and proper to this Court."

[4] The trial court granted the plaintiff's motion to reargue, but after reargument affirmed its prior decision.

to the tort claims set forth in counts two, three and four of his complaint.[5] According to the plaintiff, counts two and three of his complaint that sound in negligence, count four that sounds in assault and battery, and the claims for the damages that resulted from those torts, have never been litigated. He asserts that the compensatory and punitive damages he received in the previous federal suit were compensation only for a violation of his civil rights. Therefore, the plaintiff contends that he is entitled to litigate his tort claims in a state court action. We disagree.

"The doctrines of res judicata and collateral estoppel protect the finality of judicial determinations, conserve the time of the court, and prevent wasteful relitigation. Res judicata or claim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit." *Gionfriddo* v. *Gartenhaus Cafe,* 15 Conn. App. 392, 401–402, 546 A.2d 284, cert. granted, 209 Conn. 809, 548 A.2d 437 (1988); see also *State* v. *Ellis,* 197 Conn. 436, 462–67, 497 A.2d 974 (1985); *In re Juvenile Appeal (83-DE),* 190 Conn. 310, 313–18, 460 A.2d 1277 (1983); *Gennarini Construction Co.* v. *Messina Painting & Decorating Co.,* 15 Conn. App. 504, 509–10, 545 A.2d 579 (1988). "For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." *Gionfriddo* v. *Gartenhaus Cafe,* supra, 402; *State* v. *Ellis,* supra, 463; Restatement (Second), Judgments § 27; see also *P.X. Restaurant, Inc.* v. *Windsor,* 189 Conn. 153, 161, 454 A.2d 1258 (1983); F. James & G. Hazard, Civil Procedure (3d Ed.) §§ 11.16 through 11.19.

---

[5] The plaintiff has abandoned his challenge to the trial court's disposition of count one of his complaint which was held to be barred under the principle of res judicata.

The elements of collateral estoppel are satisfied in the present case. Although the current state court action involves claims in negligence and assault and battery, while the federal court action ultimately involved only a claim for violations of the plaintiff's constitutional rights under § 1983, both causes of action arose out of the same alleged wrongs, allegedly committed by the same defendants, and involved the same injuries.

Moreover, the interests protected in a § 1983 action are similiar to those protected in common law tort actions. In *Memphis Community School District* v. *Stachura,* 477 U.S. 299, 305, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986), the United States Supreme Court stated that "42 U.S.C. § 1983 creates ' "a species of tort liability" in favor of persons who are deprived of "rights, privileges, or immunities secured" to them by the Constitution.' *Carey* v. *Piphus,* 435 U.S. 247, 253 [98 S. Ct. 1042, 55 L. Ed. 2d 252] (1978); *Imbler* v. *Pachtman,* 424 U.S. 409, 417 [96 S. Ct. 984, 47 L. Ed. 2d 128] (1976). See also *Smith* v. *Wade,* 461 U.S. 30, 34 [103 S. Ct. 1625, 75 L. Ed. 2d 632] (1983); *Newport* v. *Fact Concerts, Inc.,* 453 U.S. 247, 258–59 [101 S. Ct. 2748, 69 L. Ed. 2d 616] (1981)." *Stachura* makes clear that the purpose of § 1983 damages is to compensate persons for actual injuries and the amount of compensation is ordinarily determined by the rules applicable to common law torts. Id. Further, the interrelationship of § 1983 and common law tort actions has been recognized by numerous courts. See *Brooks* v. *Andolina,* 826 F.2d 1266, 1270 (3d Cir. 1987); *Giano* v. *Flood,* 803 F.2d 769 (2d Cir. 1986); *Fay* v. *South Colonie Central School District,* 802 F.2d 21, 34 (2d Cir. 1986); *Sloan* v. *Jasper County,* 167 Ill. App. 3d 867, 522 N.E.2d 334 (1988); *Long* v. *Rothbaum,* 68 Md. App. 569, 514 A.2d 1223 (1986); *Crane* v. *Commissioner of Public Welfare,* 400 Mass. 46, 507 N.E.2d 751 (1987). In *Sloan* v. *Jasper*

*County,* supra, the remedies provided by § 1983 and common law tort actions were considered so intertwined that the court found it unnecessary for the plaintiff, who had filed a § 1983 claim in the state court, to plead separately his state law tort claim of intentional infliction of emotional distress. Because § 1983 provides a remedy in the form of damages for *actual* injuries suffered by reason of a violation of a plaintiff's civil rights, it follows that the issue of damages for those same injuries cannot be relitigated in a state tort action if it has already been decided in a § 1983 action.[6]

In fact, the damages that are compensable in a § 1983 action may be greater than the damages recoverable under state law for negligence or assault and battery. Plaintiffs aggrieved under § 1983 are entitled to claim compensatory and punitive damages, plus the cost of litigation and attorney's fees.[7] Plaintiffs who prove liability for the underlying torts in the state court are only entitled to compensatory and punitive damages. Further, the punitive damages may only "consist of a reasonable expense properly incurred in the litigation . . . less taxable costs." (Citation omitted.) *Markey* v. *Santangelo,* 195 Conn. 76, 80, 485 A.2d 1305 (1985); see also *Miller* v. *Drouin,* 183 Conn. 189, 190, 438 A.2d 863 (1981) (punitive damages in Connecticut are not

---

[6] In light of the United States Supreme Court's holding in *Memphis Community School District* v. *Stachura,* 477 U.S. 299, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986), it is questionable whether the federal court should have dismissed the pendent state law tort claims in this case. That, however, is a possible error that this court cannot remedy.

[7] The ability to recover punitive damages to punish a defendant for his offense under 42 U.S.C. § 1983 is firmly established by federal case law. See, e.g., *Newport* v. *Fact Concerts, Inc.,* 453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981); *Cunningham* v. *Overland,* 804 F.2d 1066 (8th Cir. 1986). The ability to collect attorney's fees as part of the cost of litigating a § 1983 claim is, according to statute, left to the discretion of the court. See 42 U.S.C. § 1988.

designed "to punish the defendant for his offense but rather to compensate the plaintiff for his injuries").[8]

The plaintiff contends, however, that under § 1983, persons whose constitutional rights are violated may recover damages to compensate them for the abstract value of the constitutional right that was violated independent of any actual injury. Accordingly, he maintains that the damages he received in the federal court action did not compensate him for his actual injuries, but rather, compensated him only for a violation of his constitutional rights. Claiming he received no compensation for his actual injuries, the plaintiff argues that he is now entitled to seek recovery for those injuries by litigating his state law tort claims.

The plaintiff's contentions, however, directly conflict with *Memphis Community School District* v. *Stachura,* supra, in which the United States Supreme Court held that a plaintiff must prove actual injury as a prerequisite to a recovery of compensatory damages in a § 1983 claim.[9] According to the court, the abstract value of constitutional rights may not form the basis of substantial § 1983 damages. Id., 308–10; see also *Carey* v. *Piphus,* supra. In *Stachura,* the court stated that "when § 1983 plaintiffs seek damages for violations of constitutional rights, the level of damages is ordinarily determined according to principles derived from the

---

[8] Therefore, damages recoverable in a common law tort action may actually be less than those recoverable under 42 U.S.C. § 1983 as that section allows a plaintiff to recover punitive damages *in addition* to the cost of litigation and attorney's fees. Moreover, under § 1983 there is no setoff for the contributory negligence of a plaintiff as there may be in negligence actions under Connecticut law.

[9] Actual injury includes "not only out-of-pocket loss and other monetary harms, but also injuries such as 'impairment of reputation . . . personal humiliation, and mental anguish and suffering.' " *Memphis Community School District* v. *Stachura,* 477 U.S. 299, 307, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986), quoting *Gertz* v. *Robert Welch, Inc.,* 418 U.S. 323, 350, 94 S. Ct. 2997, 41 L. Ed. 2d 789 (1974).

common law of torts. See *Smith* v. *Wade,* [supra, 34]; *Carey* v. *Piphus,* supra, [257–58]; cf. *Monroe* v. *Pape,* 365 U.S. 167, 196, and n. 5 [81 S. Ct. 473, 5 L. Ed. 2d 492] (1961) (Harlan, J., concurring)." *Memphis Community School District* v. *Stachura,* supra, 306. The court went on to state that "[s]ection 1983 presupposes that damages that compensate for actual harm ordinarily suffice to deter constitutional violations. *Carey* [v. *Piphus,*] supra, 256–257." Id., 310.

Both at oral argument and in his reply brief, the plaintiff addressed *Memphis Community School District* v. *Stachura,* supra. While he concedes that *Stachura* requires a § 1983 plaintiff to show actual injury in order to recover compensatory damages, the plaintiff cites Justice Marshall's concurring opinion for the proposition that "invasions of constitutional rights sometimes cause injuries that cannot be redressed by a wooden application of common law damages rules." Id., 314. Relying on this quote, the plaintiff claims he is entitled to "substantial damages" for the violation of his constitutional rights, independent of damages for actual injuries suffered, because the damages that were awarded by the jury in the § 1983 action previously tried in the federal court solely compensated him for the violation of his constitutional rights. Accordingly, the plaintiff asserts that the issue of damages for his actual injuries has never been litigated, and thus, that his claims for negligence and assault and battery should not be barred by the doctrine of collateral estoppel.

The plaintiff's argument is unpersuasive for two reasons. First, the plaintiff has misinterpreted *Memphis Community School District* v. *Stachura,* supra. In *Stachura,* the United States Supreme Court, in accordance with *Carey* v. *Piphus,* supra, recognized that there are two types of cases that can be litigated under § 1983. In the first type, "the interests protected by a particular branch of common law torts may parallel

closely the interests protected by a particular constitutional right." *Carey* v. *Piphus,* supra, 258. In such cases, it is appropriate to apply the tort rules of damages directly to the § 1983 action, thereby compensating the plaintiff for any actual injury he can prove. *Memphis Community School District* v. *Stachura,* supra, 309; *Carey* v. *Piphus,* supra. In the second type of case, "the interests protected by a particular constitutional right may not also be protected by an analogous branch of the common law of torts." *Carey* v. *Piphus,* supra, 258. As the majority opinion in *Memphis Community School District* v. *Stachura,* supra, 311, points out, in that type of case "presumed" damages may be appropriate. In his concurring opinion, cited by the plaintiff, Justice Marshall was referring to this second type of § 1983 case when he stated that it may not always be desirable to apply common law damage rules to § 1983 cases.[10] The present case is not a "presumed" damages case; the interests protected and the injuries for which the plaintiff sought compensation in his § 1983 action closely parallel the interests protected and the injuries for which he now seeks compensation in the state court.

[10] Justice Marshall's comments were made in conjunction with a discussion of *Hobson* v. *Wilson,* 737 F.2d 1 (D.C. Cir. 1984), cert. denied sub nom. *Brennan* v. *Hobson,* 470 U.S. 1084, 105 S. Ct. 1843, 85 L. Ed. 2d 142 (1985), which was a "presumed" damages case. In *Hobson* v. *Wilson,* the plaintiffs claimed that the defendants had violated their first amendment rights to assemble for peaceable political protest, to associate with others to engage in political expression, and to speak on public issues free of unreasonable government interference. Citing *Carey* v. *Piphus,* 435 U.S. 247, 258, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978), the court in *Hobson* v. *Wilson,* supra, noted that the nature of the plaintiffs' injuries made the case one in which it would be difficult to estimate the actual loss sustained. To calculate damages in such a case, the court stated that it should *first* look to common law tort principles. Id. If the interests protected by the first amendment would "go uncompensated on the basis of traditional common law principles" then damages could be awarded only if the intangible interests could be "conceptualized and if the harm can be shown with sufficient certainty to avoid damages based either on pure speculation or the so-called inherent value of the rights violated." Id., 63.

Further, the jury in the federal court action was instructed in accordance with the common law rules of damages, the plaintiff's damages were calculated in accordance with those rules, and he was compensated for the actual injuries he proved. Consequently, the damages that the plaintiff claims in the present state court action would again compensate him for the same actual injuries arising from the same incident.

Even if the § 1983 federal court action were a "presumed" damages case, the plaintiff's argument that he is entitled to damages for his actual injuries, in addition to substantial damages for the violation of his constitutional rights, is incorrect. "Presumed damages are a *substitute* for ordinary compensatory damages, not a *supplement* for an award that fully compensates the alleged injury." (Emphasis in original.) *Memphis Community School District* v. *Stachura,* supra, 310. When it is necessary to award "presumed" damages, they should "roughly approximate the harm that the plaintiff suffered and thereby compensate for harms that may be impossible to measure." Id., 311; see also *Carey* v. *Piphus,* supra, 258 (in presumed damages cases, "the task [of calculating damages] will be the more difficult one of adapting common-law rules of damages to provide *fair compensation* for injuries caused by the deprivation of a constitutional right" [emphasis added]).[11] Justice Marshall, himself, recognized the compensatory nature of "presumed" damages when he stated in his concurring opinion that "the award must be proportional to the actual loss sustained." *Memphis Community School District* v. *Stachura,* supra, 315. Therefore, according to the court in *Stachura,* a plaintiff seeking damages in a § 1983 action may recover ordinary com-

[11] Whether the plaintiff's damages in *Memphis Community School District* v. *Stachura,* 477 U.S. 299, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986), should have been ordinary compensatory damages or "presumed" damages was not in issue.

pensatory damages or, if damages are difficult or impossible to measure, "presumed" damages, but he cannot recover both.[12]

The plaintiff's argument, that the jury in the § 1983 action awarded him damages only for violations of his constitutional rights, is also unpersuasive when the jury instructions given by the judge in the federal court action are examined. The trial court instructed the jury that it could award compensatory damages and punitive damages. In calculating compensatory damages, the judge, in accordance with the holding in *Memphis Community School District* v. *Stachura,* supra, informed the jury that they could consider and compensate the plaintiff for proven lost earnings, medical expenses, permanent injury, and pain and suffering. In addition, the court instructed the jury as follows: "Among the items of compensatory damages that you may consider, is the value of the deprivation of a Constitutional right. If you find that the defendants, or any one of them, are liable for the deprivation of plaintiff's constitutional rights, and that the plaintiff has suffered no actual damages as a result, you may award nominal damages, for example, one dollar, as the amount which he should recover." This language is a clear indication that the jury was instructed to award damages to the plaintiff on the basis of his actual injuries and not on the abstract value of a constitutional right. Since the federal court jury awarded compensation on that

---

[12] The plaintiff maintains that under *Carey* v. *Piphus,* 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978), the violation of a substantive constitutional right may permit the plaintiff to recover substantial general damages even without proof of actual injury, but procedural due process claims always require a showing of actual injury. This argument was unequivocably rejected in *Memphis Community School District* v. *Stachura,* 477 U.S. 299, 309, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986), where the court stated that "[*Carey* v. *Piphus*] does not establish a two-tiered system of constitutional rights, with substantive rights afforded greater protection than 'mere' procedural safeguards."

basis, the plaintiff should not now be allowed to relitigate that same issue in the state court.

At oral argument before this court, the plaintiff acknowledged that the instructions given to the federal court jury presented it with a measure of damages "which overlapped with the pendent state [law] claims." Although he contends the charge was erroneous, the plaintiff conceded that he did not object to it because it was "very favorable" to him.[13] Despite the instruction as to damages in the federal court, the plaintiff argues that he should now be able to retry the case in the state court with an instruction to the jury that it could deduct the compensation he had already recovered for certain damages in the federal court action. The plaintiff maintains that this is a fair solution because if he had had the opportunity to litigate the negligence and assault and battery claims in the federal court action he might have recovered more damages. This argument is unconvincing. Although the plaintiff may be dissatisfied with the damages he received in the federal court action, the fact remains that he has already litigated the issue of damages and he cannot relitigate that issue. "A plaintiff may be compensated only once for his just damages for the same injury." *Gionfriddo* v. *Gartenhaus Cafe,* supra, 406.

Finally, the plaintiff urges this court to find, despite the instruction as to damages given to the jury in the § 1983 action, that the federal court jury believed that it was awarding him damages only for the violation of his constitutional rights. He requests this court therefore to provide him a forum to litigate his state law tort claims. This court cannot, however, look into the hearts and minds of the jurors and determine the injury for

---

[13] In fact, these instructions are in conformity with the holdings both in *Memphis Community School District* v. *Stachura,* 477 U.S. 299, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986), and *Carey* v. *Piphus,* 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978).

which they in fact compensated the plaintiff. We must assume that the jury calculated the damages it awarded to the plaintiff in accordance with the instructions it was given. See *State* v. *Gabriel,* 192 Conn. 405, 416, 473 A.2d 300 (1984); *State* v. *King,* 187 Conn. 292, 302–303, 445 A.2d 901 (1982); *State* v. *Hines,* 187 Conn. 199, 212, 445 A.2d 314 (1982); *State* v. *Bausman,* 162 Conn. 308, 314, 294 A.2d 312 (1972). The instructions in the federal court action clearly allowed recovery for the plaintiff's actual injuries. Having thus recovered, he cannot relitigate claims that, if proven, will compensate him a second time for the same injuries.

As the issue of damages was fully litigated in the federal court action, the trial court did not err in granting the defendants' motion for summary judgment dismissing counts two, three and four of the plaintiff's complaint as barred under the doctrine of collateral estoppel.

There is no error.

In this opinion the other justices concurred.