[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendant's first special defense alleges that the plaintiff is estopped from bringing the instant action in that the issues involved were decided in prior actions before the Workers' Compensation Commission, the Appellate Court and the Supreme Court. "Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action." (Citations omitted.) Aetna Casualty Surety Co. v. Jones, 220 Conn. 285, 296, 596 A.2d 414 (1991). "`"For an issue to be subject to collateral estoppel, it must have been CT Page 646 fully and fairly litigated in the first action. It must also have been necessary to the judgment."'" Id., quoting Virgo v. Lyons, 209 Conn. 497, 501, 551 A.2d 1243 (1988).
The plaintiff moves to strike the first special defense of collateral estoppel on the grounds that the issue of breach of implied covenant of good faith and fair dealing and unfair or deceptive acts and practices by the defendant were not actually litigated or necessarily determined in the prior actions. At oral argument on January 19, 1993, the plaintiff further argued that such issues could not have been decided because General Statutes 31-275. et seq. does not authorize the workers' compensation commissioner to determine bad faith or violations of CUTPA or CUIPA. In opposition, the defendant argues that General Statutes 31-300[1] authorizes the commissioner to determine whether or not there was bad faith or undue delay on the part of the defendant.
"In judging a motion to strike . . . `it is of no moment that the [defendant] may not be able to prove [its] allegations at trial.'" (Citation omitted.) Levine v. Bess Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132,471 A.2d 679 (1983).
"The sole inquiry at this stage is whether the [defendant's] allegations if proved, state [a defense]." Id. Whether or not the issues of breach of implied covenant of good faith and fair dealing and unfair or deceptive acts and practices by the defendant were actually litigated or necessarily determined in the prior actions is not relevant for purposes of a motion to to strike. Therefore, the motion to strike is denied as to the first special defense.
The defendant's second special defense alleges that the plaintiff's claim for punitive damages is void in that punitive damages violate the defendant's right to due process. The plaintiff moves to strike the second special defense on the ground that it fails to assert that the plaintiff has no cause of action.
A special defense must allege facts which are consistent with the plaintiff's statements, but show, notwithstanding, that the plaintiff has no cause of action. Practice Book 164; see also Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 6-7,327 A.2d 583 (1973). The defendant fails to allege any facts which CT Page 647 would establish that the plaintiff has no cause of action. A motion to strike, and not a special defense, is the proper procedural vehicle to test the legal sufficiency of a prayer for relief.
See Atkinson v. Belroni [Berloni], 23 Conn. App. 325, 328, 580 A.2d 84
(1990); Practice Book 152.
Therefore the plaintiff's motion to strike the defendant's second special defense is granted.
LEHENY, JUDGE