[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs commenced this three count complaint by writ, summons and complaint dated April 28, 1993. Count one alleges a partnership, count two a claim for contribution as a partner and count three, breach of contract. The plaintiffs, at trial, proceeded on count three only, accordingly, counts one and two of the plaintiffs complaint are hereby dismissed.
After a full trial on count three of the plaintiffs' complaint, the court, based upon a preponderance of the credible, relevant and legally admissible evidence finds, determines and rules as follows:
The plaintiffs, Richard Duvan and Michael Nieliwocki and the defendant, Orestes Grieg, as lessees, signed a lease to a certain premises known as 37 Clark Hill Road, East Hampton, Connecticut, which premises were owned by the lessors, Cary and Sara St. Onge. The plaintiffs agreed to split the rent and utility obligation three ways. The portion of the rent chargeable to each was $420.00 per month. The term of the lease was from August 1, 1991 to July 31, 1992. The parties took possession of the premises on or about August 1, 1991. On or about September 15, 1991, the defendant moved out of the premises and ceased paying rent or utility charges. The plaintiffs continued to reside at the premises and paid the full amount of rent due under the lease each month until July 31, 1992.
In a Small Claims action, Docket Number SC9-70186, entered October 3, 1991, instituted by the plaintiffs against the defendant, they made the following claims; that the defendant was CT Page 7471 liable to them for:
(1) Incurred living expenses while residing at 78 Mott Hill Road, East Hampton, Connecticut, from October 1, 1990 thru August 2, 1991.
(2) Incurred living expenses while residing at 37 Clark Hill Road, East Hampton, Connecticut, from August 2, 1991 thru September 22, 1991.
(3) Violation of lease agreement for residence at 37 Clark Hill Road, East Hampton, Connecticut, (August 1, 1991 thru July 31, 1992).
(A) Failure to pay October rent.
On November 8, 1991, the defendant fried an answer to the Small Claims action which read as follows:
I disagree with the plaintiffs' claim because; I moved out of 37 Clark Hill Road September 22, 1991, therefore, I shouldn't have to pay October's rent.
The parties represented themselves at a Small Claims Trial before a Small Claims Commissioner who after trial rendered judgment for the plaintiffs in the amount of $737.74 plus costs of $20.00 for a total of $757.74.
The plaintiffs' claimed damages in the amount of $1,157.24. The judgment entered by the court was exactly $420.00 (the defendants share of rent) less than the total amount of damages claimed by the plaintiffs.
This court is charged with construing the judgment of the Small Claims Court in order to resolve the issues in this case.
The court finds that the Small Claims Court in entering judgment for the plaintiffs in the amount of $737.74 found the issues for the plaintiffs' on claims (1) and (2), of their Small Claims Complaint, that as, for living expenses while residing at 78 Mott Hill Road and 37 Clark Hill Road during the period from October 1, 1990 to September 22, 1991.
By deducting exactly $420.00 from the plaintiffs' claim of $1,157.74 resulting in a judgment of $737.74, the Small Claims CT Page 7472 Commissioner found for the defendant on his answer that he did not owe October rent of $420.00 because he moved out on September 22, 1991.
This court by implication and a fair reading of the Small Claims Judgment, expressly construes that the Small Claims Commissioner found that the defendant was not liable to the plaintiffs' under the lease and that this finding is res judicata to that issue in this case.
"The doctrine of res judicata and collateral estoppel protect the finality of judicial determinations, conserve the time of the court, and prevent wasteful relitigation. Res judicata or claim preclusion prevents a litigant from reasserting a claim that has already been decided on the merits. Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit." Gionfriddo v. GartenhausCafe, 15 Conn. App. 392, 401-02, 546 A.2d 284 (1988),Vigor v. Lyons, 209 Conn. 497, 501 (1988).
Applying the aforesaid legal principals to this case, the court rules that the defendants liability to the plaintiffs as to rent due them from the defendant was fully litigated in the Small Claims case and that said issue was decided against them,supra 402, and therefore, they are barred from relitigating the issue of defendants liability for rent for October or any subsequent month under the terms of the lease.
Accordingly, judgment should enter for the defendant, Orestes Grieg, against the plaintiffs, Richard Duval and Michael Nieliwocki third count of their complaint, with costs.
SPALLONE, STATE TRIAL REFEREE