[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Plaintiff is a party in a pending personal injury cause of action pending in the Superior Court for the Judicial District of New Haven, Docket No. NNH 0351584,Giamattei v. Huff, et al.
The Plaintiff's children and their mother received $18,858.96 in Aid to Families with Dependant Children (AFDC) and other benefits during the period from November 1, 1989 to September 30, 1995, specifically February 1990 to August 3, 1992.
Mr. Giamattei is responsible for repaying the State CT Page 355-A assistance provided to his children and their mother, General Statutes § 17b-93.
In an effort to secure and collect the State claim for unreimbursed AFDC benefits, the State Bureau of Collection Services (BCS) liened the Plaintiff's pending New Haven lawsuit.
On October 25, 1995, BCS notified Plaintiff and his attorney of the claim for unreimbursed AFDC benefits in the amount of $17,315.96.
Mr. Giamattei requested an administrative fair hearing pursuant to General Statutes §§ 17b-60, 17b-61 and 4-176e to4-184 of the Uniform Administrative Procedures Act (UAPA).
A hearing was held on January 22, 1996. The Plaintiff appeared and argued at the hearing that he only owed $3,500, because of direct payments recognized in a support enforcement case.
The hearing officer denied Plaintiff's claims but adjusted the debt to subtract $830 in energy assistance grants which are not subject to reimbursement.
The hearing officer's decision, mailed February 9, CT Page 355-B 1996, found the BCS lien valid in the amount of $16,485.96.
The Plaintiff served and filed this appeal under the UAPA on March 25, 1996. The Record was filed on February 9, 1996, the Plaintiff's Brief on October 9, 1996 and the Respondent's Brief on October 29, 1996. The parties were heard in oral argument on January 14, 1997.
The Plaintiff's main contention is that the support case found his total arrearage and liability to the State to be $3,410; and that such determination of liability is "res judicata." The State disputes the terms of the support judgment, and the applicability of res judicata to the orders in the support matter.
The parties agreed that the court should take judicial notice of the case file in Docket No. NNH FA93 0347530. It is this case Plaintiff relies on as a limit on his obligation to repay the AFDC benefits.
The Court has obtained and reviewed file No. FA93-0347530. That case originated as a paternity action by the Commission of Human Resources for Emma Rios against Michael Giamattei (the Appellant in this case). Following paternity testing a paternity judgment was entered on December 6, CT Page 355-C 1993. Mr. Giamattei was found to be the father of three children: Michael Giamattei born December 15, 1986; Michelle Giamattei born January 24, 1990 and John B. Giamattei born on May 7, 1993. Mr. Giamattei was ordered to pay current support of $140 a week (reflecting a guideline[1]
deviation for his payment of tuition) plus $20 per week on arrearages. The arrearages were identified as being $11,675 as of December 6, 1993 owed to petitioner payable at $15.00 per week; and $3,140.25 as of January 15, 1991 owed to "State of Ct" payable at $5 per week. A wage garnishment order reflecting the combined arrearages of $14,815.20 was ordered effective December 10, 1993.
Plaintiff claims that the State is prohibited by such order from seeking a further reimbursement of its AFDC expenditures. The record reveals that the State continued to advance benefits to the Plaintiff's children and their mother after January 15, 1991. In fact the majority of the claim is for past January 15, 1991 payments. The arrearage calculation is not explained in the judgment; however, pursuant to General Statutes § 46b-160,[2] the paternity petition could only go back three years for past unpaid support. The paternity case was filed May 17, 1993, thus limiting its reach to May 1990. The Records show that the Plaintiff's children and their mother commenced receiving benefits as early as February 6, 1990. CT Page 355-D
 Res judicata and collateral estoppel "express no more than the fundamental principle that once a matter has been fully and fairly litigated, and finally decided, it comes to rest." State v. Ellis, 197 Conn. 436, 464-65, 497 A.2d 974 (1985), on appeal after remand sub nom. State v. Paradise, 213 Conn. 388, 567 A.2d 1221 (1990). "Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim." (Emphasis added.) In re Juvenile Appeal (83-DE), 190 Conn. 310, 316, 460 A.2d 1277 (1983). "`For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment.'" (Emphasis added.) Virgo v. Lyons, 209 Conn. 497, 501, 551 A.2d 1243 (1988); see also Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); State v. Hope, 215 Conn. 570, 584, 577 A.2d 1000 (1990), cert. denied, 498 U.S. 1089, CT Page 355-E 111 S.Ct. 968, 112 L.Ed.2d 1054 (1991). "An issue is `actually litigated' if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined. (Emphasis added.) 1 Restatement (Second), Judgments § 27, comment (d)(1982). An issue is necessarily determined, if, `in the absence of a determination of the issue, the judgment could not have been validly rendered.' F. James G. Hazard, Civil Procedure (3d Ed. 1985) § 11.19. If an issue has been determined, but the judgment is not dependent upon the determination of the issue, the parties may relitigate the issue in a subsequent action. Findings on nonessential issues usually have the characteristics of dicta. 1 Restatement (Second), Judgments § 27, comment (h) (1982)." (Emphasis in original.) Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 714-15, 627 A.2d 374 (1993). Carol Management Corp. v. Board of Tax Review, 228 Conn. 23, 32-33 (1993).
The paternity case did not actually litigate the AFDC arrearage for February — May of 1990 and from January 15, 1991 through August 3, 1992. The record does not reveal whether or not the January 15, 1991 through August 3, 1992 CT Page 355-F arrearages were litigated by the parties. The paternity issue was primarily concerned with the contest over Michael Giamattei's paternity of the three children. The judgment was dependent upon the determination of paternity; not the outstanding arrearage to the State. Res judicata is inapplicable to the facts of this case.
The State is clearly entitled to recover the AFDC payments from the parent, General Statutes § 17b-93.
It is clearly not prevented from doing so by dicta in the paternity action.
The appeal is dismissed.
Robert F. McWeeny, J.