[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION OF THE DEFENDANTS BARRE, MORRIN, RESHOTNICK AND KIMBAY FOR SUMMARY JUDGMENT (#108)
In federal court Judge Eginton granted summary judgment only on the plaintiff's federal 1983 claim because he found no predicate constitutional violation. He also found that the defendants enjoyed qualified immunity from suit. Thereupon Judge Eginton dismissed the plaintiff's pendent state claims without reaching their merits. It is these claims which are in issue here.
The defendant's reliance upon Virgo v. Lyons, 209 Conn. 497
(1988) is misplaced. In Virgo, the court addressed the issue of whether the plaintiff was "collaterally estopped by an award of damages in a previous federal § 1983 action from recovering damages in the Superior Court for negligence and assault and battery." Id., 498. The court affirmed the trial court's grant of summary judgment for the defendant on the ground that the plaintiff's state law tort claims, although not specifically litigated in the federal action, were barred under the doctrine of collateral estoppel because the issue of damages had already been determined in federal court. Id., 500.
This issue is not present here. Collateral estoppel and res judicata are not applicable. Because the federal court declined to exercise supplemental jurisdiction over the plaintiffs state law based tort claims, it cannot be said that these claims were fully and fairly litigated, actually decided and necessary to judgment. Nor did the plaintiff have an adequate opportunity to litigate these claims because Judge Eginton declined to hear CT Page 71 them. Daoust v. McWilliams, 49 Conn. 715 (1998).
Moreover, this court cannot conclude that reasonable minds would not differ over whether or not the defendants' alleged conduct was extreme and outrageous.
Motion denied.
Licari, J.