[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION FACTS
The plaintiff, Marni Guman, brings this action as a result of a two car automobile accident which occurred on February 17, 1995, at approximately 10 p.m. on Maple Street in Danbury.
At that time, the plaintiff was a passenger in a vehicle being operated by the defendant, Jennifer L. Sanford. CT Page 8553
That vehicle collided with a vehicle operated by the defendant, Sean Aschen.
Suit was instituted against the operators of both vehicles, returnable March 18, 1997.
In November of 1998, the plaintiff elected to engage in a binding arbitration proceeding involving the defendant, Sean Aschen.
Jennifer L. Sanford was not a party to the arbitration.
Following a hearing before Arbitrator, Robert W. Lotty, the plaintiff received an award of $16,643.93.
The award included $4,146.93 in economic damages, and $12,500 in non-economic damages.
The arbitrator further found that "the collision, and resulting injury and damage to the plaintiff, was caused solely by the negligence of the defendant Aschen."
Although the plaintiff made a claim for $10,556 in chiropractic treatments, the arbitrator found that most of the treatments were "palliative," and awarded only $3,518.66 of the claimed chiropractic expenses.
In her initial complaint, brought in a single count against both defendants, the plaintiff claimed to have sustained personal injuries, expenses for medical care and treatment, lost wages and a loss of earning capacity, and that her ability to carry on life's activities had been diminished.
No distinction is made between those injuries and damages claimed as a result of the negligence of Jennifer L. Sanford, and those which the plaintiff claims resulted from the negligence of Sean Aschen.
The defendant, Jennifer Sanford, moves for summary judgment, claiming that the plaintiff cannot maintain this action, in light of her recovery against the defendant, Sean Aschen, in the arbitration conducted before Attorney Lotty.
 STANDARD OF REVIEW
A motion for summary judgment may be granted only when affidavits and other documentary evidence demonstrate that no genuine issue of material CT Page 8554 fact remains between the parties, and the moving party is entitled to judgment as a matter of law. Daily v. New Britain Machine Co.,200 Conn. 562, 568 (1986); Bartha v. Waterbury House Wrecking Co.,190 Conn. 8, 11 (1983).
Connecticut Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."
In deciding a motion for summary judgment, the trial court must view all evidence in the light most favorable to the non-moving party. HomeIns. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995). The burden is on the moving party to show quite clearly what the law is, and that it excludes any real doubt as to the existence of any genuine issue of material fact. Fogarty v. Rashaw, 193 Conn. 442, 445 (1984); Yanow v.Teal Industries, Inc., 178 Conn. 262, 268 (1979).
A material fact is one which will make a difference in the result of the case. United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,379 (1969).
The test to be applied, is whether the party seeking summary judgment would be entitled to a directed verdict in a case tried to a jury. UnitedOil Co. v. Urban Redevelopment Commission, supra, 380.
 PLAINTIFF'S ACTION IS BARRED BY THE APPLICATION OF THE DOUBLE RECOVERY RULE
A plaintiff may be compensated only once for her just damages for the same injury. Virgo v. Lyons, 209 Conn. 497, 509 (1988); Gionfriddo v.Gartenhaus Cafe, 15 Conn. App. 392, 406 (1988); Peck v. Jacquemin,196 Conn. 53, 70 n. 19 (1985).
Simply because it is possible for a plaintiff to obtain multiple judgments, does not defeat the proposition that a litigant may recover just damages only once. Gionfriddo v. Gartenhaus Cafe, 211 Conn. 67,71-72 (1989). Only one satisfaction maybe obtained for a single loss.
This case is controlled by Haynes v. Yale-New Haven Hospital,243 Conn. 17 (1997).
In that case, the plaintiff-administratrix instituted a wrongful death action against Yale New Haven Hospital and a surgeon, claiming negligence. CT Page 8555
He defendant had been injured in an automobile accident prior to being transported to the hospital.
Prior to bringing the medical negligence action, the plaintiff recovered $20,000 from the responsible tortfeasor, and received an arbitration award of $650,000 pursuant to the underinsured motorist provisions of an applicable insurance policy.
The award was rendered by a panel of three arbitrators.
In upholding the granting of a motion for summary judgment by the trial court, the Supreme Court found that the rule barring double recovery for a single harm was controlling. Haynes v. Yale-New Haven Hospital, supra, 22-23.
Here, the plaintiff agreed to submit to binding arbitration issues arising out of the February 17, 1995 automobile accident, against the defendant, Sean Aschen.
The same economic and non-economic damages were claimed against both the defendant, Jennifer L. Sanford, and the defendant, Sean Aschen.
The arbitrator found that the operator of the Aschen vehicle was totally responsible for the accident, and did not reduce the verdict in any way based upon apportionment of damages.
The fact that the plaintiff may be dissatisfied with the damages awarded in the arbitration proceeding, does not alter the conclusion that she has already litigated the issue of damages, and cannot relitigate that issue. Virgo v. Lyons, supra, 509.
In this case, we are dealing with an arbitration award, rather than with a release or settlement agreement, which would be governed by the provisions of § 52-216a of the Connecticut General Statutes.[1]
A settlement or a release represents a surrender of a cause of action, while a satisfied judgment represents full compensation for the injuries sustained. Gionfriddo v. Gartenhaus Cafe, supra, 211 Conn. 73-74 n. 8.
Permitting the plaintiff to proceed with this action, given her recovery in the arbitration proceeding, would invite the possibility of a potential windfall, in light of her compensation for the injuries claimed by way of arbitration.
The policy prohibiting double recovery, even in a situation in which one tortfeasor escapes at least some degree of liability, is CT Page 8556 controlling, and bars the second action. Haynes v. Yale-New HavenHospital, supra, 31.
The motion for summary judgment of the defendant, Jennifer Sanford, is therefore granted.
 _______________ Radcliffe, J.