CITY OF HARTFORD *v.* HARTFORD MUNICIPAL EMPLOYEES' ASSOCIATION ET AL.
(AC 21765)

Foti, Schaller and Flynn, Js.

---

Argued April 25—officially released August 6, 2002

*Ivan A. Ramos*, assistant corporation counsel, with whom, on the brief, was *Alexander Aponte*, corporation counsel, for the appellant (plaintiff).

*Frank J. Szilagyi*, for the appellee (named defendant).

*Lisa S. Lazarek*, assistant general counsel, for the appellee (defendant state board of labor relations).

*Opinion*

FLYNN, J. The plaintiff city of Hartford (city) appeals from the judgment of the trial court dismissing its appeal from the decision of the defendant state board

of labor relations (board) in which the board found that the city had violated the Municipal Employees Relations Act, General Statutes § 7-460 et seq., by committing a prohibited practice when it transferred work out of a bargaining unit without first negotiating with the union that represented its employees. The issue on appeal does not arise from the finding of this violation, which the city concedes, but from that part of the remedy that the court also sustained, which ordered reinstatement of a member of the bargaining unit, Walter Remes, to the position he formerly occupied, with all lost pay and benefits.

The city claims that because the defendant union, the Hartford Municipal Employees' Association, Inc. (union), had once taken the issue of Remes' discharge through several steps of the grievance procedure, the doctrine of collateral estoppel prevented the board in a separate proceeding from ordering Remes reinstated to his former position. Because the material factual issues litigated before the board were different from the factual issues litigated in the grievance procedure, we conclude that the doctrine of collateral estoppel does not apply and that the trial court properly sustained the decision of the board. The material factual issues litigated before the board concerned the illegal transfer of work out of the bargaining unit, whereas the factual issues litigated in the grievance procedure concerned whether a discharge of Remes from a *new* position for cause, after the illegal transfer, was proper. We affirm the judgment of the trial court.

We first summarize the pertinent facts. Remes was hired by the Hartford city treasurer's office in 1987 as an analyst in the investment unit, where he remained until a December, 1993 illness caused his absence on medical leave until March, 1994. At about the same time that Remes went on medical leave, his supervisor, who was the only other employee in the investment unit,

retired. While Remes was on medical leave, the city hired a temporary employee, Chris Rowlins, in a nonbargaining unit capacity, and he carried on the work of the investment unit. Additional work formerly performed by Remes was contracted out to SEI, Inc. (SEI), a private investment review organization. After Remes returned from medical leave, he was informed by the city treasurer that Rowlins and SEI would now have primary responsibility for the investment unit's day-to-day work and that he would be assigned to special projects. The city hired Philip Lawton in April, 1995, to head the investment unit with the title of investment analyst. Lawton was later named principal investment officer. The city eliminated Remes' position effective June 30, 1995. Three and one-half weeks prior to the elimination of his position, on June 7, 1995, by use of a "bumping" procedure, Remes moved into the pension administration unit of the city treasurer's office, as a principal administrative analyst. On July 17, 1995, the union filed the complaint with the labor board about the illegal transfer of work outside the bargaining unit to Rowlins, which resulted in the board decision which the city now appeals. In March, 1996, Rowlins was named "investment analyst" in the investment unit, a job that the city posted on November 30, 1995. Remes applied for this job, but was rejected under a "subjective test." Remes was terminated effective December 29, 1995, from the new position into which he had bumped in the pension division for inefficiency and inability to perform the new job. The union filed a grievance concerning Remes' termination from the new position on December 8, 1995, which it pursued unsuccessfully through the third step of the grievance procedure, but did not take to the arbitration process.

In a decision and order dated December 17, 1998, the board concluded that subcontracting or transferring bargaining unit work to nonbargaining unit personnel

is a mandatory subject of collective bargaining and that the city's unilateral transfer of bargaining unit work to a nonbargaining unit employee violated the Municipal Employees Relations Act. The city raised what it termed a "counterclaim" in the proceeding before the board, in which it contended that the union's failure to pursue Remes' grievance to the fourth step of arbitration of his discharge made the union, rather than the city, liable for any damages Remes sustained from his discharge. The city argued that the issue of whether Remes' termination was proper had been fully and fairly litigated in the prior grievance procedure and that the doctrine of collateral estoppel therefore barred relitigation of that issue in the case underlying this appeal. The board rejected this argument, distinguishing this case from a prior board holding in *In re East Hartford*, Conn. Board of Labor Relations, Decision No. 3347 (November 14, 1995), because "the issue presented here is different from the issue presented in the grievance challenging Mr. Remes' termination for cause." The board noted that but for the city's unlawful unilateral action in transferring work out of the bargaining unit, Remes would not have been in a position to be terminated for unsatisfactory performance. This was significant because the board sought to restore the *status quo ante* to uphold the provisions of the act which had been violated.

The board concluded that the union's filing of the complaint with the board was proper and that it was not required to pursue the termination grievance to arbitration. The board viewed Remes' termination as almost a direct result of "the unlawful transfer of work out of the bargaining unit." It summed the matter up by concluding: "If the city had not unlawfully transferred this work to Mr. Rowlins, Mr. Remes would have remained in the job he had successfully performed at least until the elimination of the job." In determining its remedy for the unlawful transfer of work, the board

held that the customary remedy for the unlawful sub-contracting or transfer of work out of the bargaining unit is the restoration of the *status quo ante. In re Hamden,* Conn. Board of Labor Relations, Decision No. 1441 (August 23, 1976). Among the orders it entered as remedies, it ordered the city to take the following affirmative steps, which it found "will effectuate the purposes of the act: (a) Reinstate Walter Remes to the job, or a substantially equivalent job, and duties he was performing at the time his medical leave of absence began in December, 1993, at the same rate of pay and benefits; (b) Make Walter Remes whole for any net loss of earnings and other benefits he suffered as a result of the city's unlawful action . . . ."

The plaintiff appealed from the board's decision to the trial court under the same theory of collateral estoppel. The court concluded that the city's claim that the doctrine of collateral estoppel barred the remedy of reinstatement with all lost back pay and benefits lacked merit because the issues litigated before the board were distinct from the issue dealt with in the separate grievance procedure. We agree.

Our review of the application of the doctrine of collateral estoppel by the trial court is plenary. *R & R Pool & Patio, Inc.* v. *Zoning Board of Appeals,* 257 Conn. 456, 466, 778 A.2d 61 (2001). The doctrine "prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties . . . ." (Internal quotation marks omitted.) Id. The city argues that the "[b]oard erred in reinstating Mr. Remes and awarding him back pay because a third step hearing officer had already determined that the city had just cause to terminate him." More specifically, the plaintiff argues that the same "employer action" was at issue and fully litigated in both proceedings. The plaintiff then classifies the

employer action at issue to be, generally, "the termination of Mr. Remes from city employment."

This argument demonstrates a misunderstanding of the doctrine of collateral estoppel. There were two distinct positions from which Remes was eliminated, not one. The first was that of analyst in the investment unit from which the city unlawfully eliminated Remes by transferring the work out of the bargaining unit. The second was that of principal administrative analyst in the pension administration unit, from which Remes was fired. The fact that the city labels them together under the common term "termination of employment" does not render them one issue that was previously adjudicated. Under such strained reasoning, a defendant could be insulated from liability for repeating violations of the law as long as his or her repeated violations fall within the same classification of misconduct and he or she chooses the same victim. The proceeding underlying this appeal concerned the propriety of an earlier elimination, which the board determined to be illegal under the Municipal Employees Relations Act. The termination at issue in the grievance proceeding took place months later, in December, 1995, and rested on the concept that there was just cause at that time to terminate Remes from that position. The earlier elimination had nothing to do with any finding related to just cause to terminate. In short, the legality of each elimination was assessed under unrelated material facts, and collateral estoppel simply does not apply.

The city claims that the board ignored certain precedents in similar cases where the union involved had failed to bring a termination case to binding arbitration, including the decision of our Supreme Court in *Virgo* v. *Lyons*, 209 Conn. 497, 502, 551 A.2d 1243 (1988). In *Virgo*, a plaintiff had brought suit in the United States District Court for the District of Connecticut for damages sustained as a result of an assault and battery and

claimed false arrest he was alleged to have suffered at the hands of the police. In the District Court action, he also brought a pendent state claim that a negligent failure to train officers properly had resulted in the assault and battery to him and that the officers involved had negligently battered him. The District Court dismissed the false arrest claim and the pendent state claims, and the jury decided, on a claim of excessive force under 42 U.S.C. § 1983, that there was a violation of his civil rights and returned a verdict in his favor for damages. The plaintiff then attempted to bring an action in the Superior Court on a complaint that was identical to that brought in the federal case and reiterated the same injury. The trial court rendered summary judgment on the defendants' special defense of res judicata and collateral estoppel. The plaintiff appealed on the ground that the pendent state claims had not been litigated. Our Supreme Court, however, determined that collateral estoppel did apply to bar the state claims because they had in fact already been decided and arose out of the same alleged wrongs, committed by the same defendants, with the same resulting injuries, even though § 1983 was invoked in the federal case and the plaintiff was invoking only state tort law in the state case. Id.

In this case, we conclude that the trial court properly interpreted the holding in *Virgo* when it concluded that the hearing officer at the third grievance level "had no jurisdiction to consider whether reinstatement of Remes would effectuate the purposes of the [Municipal Employees Relations Act]; only the labor board is empowered to make such a determination." It is conceded that bargaining unit work was transferred out of the bargaining unit without negotiating with the union as the law requires. That was the wrong. Reinstatement was part of the remedy. Illegal transfer of work was not the wrong litigated in the grievance. The grievance

litigated only a distinct wrong, namely, the termination of Remes from another job into which he had bumped when his own position had been unlawfully transferred out of the bargaining unit. Our Supreme Court has illuminated the very distinction between legal actions that refer only to violations of a contract, as did the grievance concerning Remes, and actions that involve a violation of a separate labor relations act. *L. Suzio Construction Co.* v. *State Board of Labor Relations,* 148 Conn. 135, 168 A.2d 553 (1961). Each addresses a separate wrong. The board is not deprived by an earlier ruling in a grievance procedure of its duty to enforce compliance with the Municipal Employees Relations Act by utilizing a remedy returning matters to the status quo ante.

The judgment is affirmed.

In this opinion the other judges concurred.