[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION TO REPORT OF A.T.R.
The plaintiff, who purchased a mortgage from the Resolution Trust Corporation, brought suit against a title insurance company to recover for a loss sustained when the purchased mortgage was a second mortgage and not a first mortgage. The case was referred to an Attorney Trial Referee (ATR) who found the issues in favor of the plaintiff Damages were calculated by taking judicial notice of the foreclosure action brought by the plaintiff and awarding damages in the amount of the deficiency judgment awarded to the plaintiff. The defendant asserts that the ATR could not take judicial notice of the deficiency judgment as the basis for awarding damages.
"[F]acts may be judicially noticed which are so notorious that the production of evidence would be unnecessary, or which the judicial function supposes the judge to be familiar with, in theory at least, or which, although they are neither notorious nor bound to be judicially known, are capable of such instant and unquestionable demonstration, if desired, that no party would think of imposing a falsity on the tribunal in the face of an intelligent adversary." (Internal quotation marks omitted.) Azia v. DiLascia, 64 Conn. App. 540, 559, (2001) 992, cert. denied, 258 Conn. 914, (2001). "There is no question that the trial court may take judicial notice of the file in another case, whether or not the other case is between the same parties. . . ." Drabik v. East Lyme,234 Conn. 390, 398 (1995). Judicial notice, however, "does not eliminate the need for a separate determination of whether such facts judicially noticed are . . . admissible." Borkowski v. Borkowski, 228 Conn. 729
(1994). Moreover, while a "trial court has the power to take judicial notice of court files . . . [t]his does not mean that it might use every statement it found in the papers constituting the file with the same effect as though the facts were in evidence before it." (Citation omitted; internal quotation marks omitted.) In re Mark C.,28 Conn. App. 247, 253 (1992). CT Page 13380
"Unless a prior adjudication satisfies the usual requirements of res judicata or collateral estoppel, a determination of a fact in one case is not admissible in another case to prove the same fact" because such a fact would be hearsay. Heritage Village Master Assn., Inc. v. HeritageVillage Water Co., 30 Conn. App. 693, 701 (1993). For res judicata or collateral estoppel to bind a party, the prior action must have involved the same parties or parties in privity with the current parties. Gaynorv. Payne, 261 Conn. 585, 596 (2002); Hartford v. Hartford MunicipalEmployees' Assn., 71 Conn. App. 467, 472 (2002).
As the usual requirements for res judicata or collateral estoppel are not satisfied the report of the ATR is not accepted. The case is hereby referred to the same ATR for an evidentiary hearing on the issue of damages only.
RUSH, J. CT Page 13381