Christopher COURNOYER,
Plaintiff–Appellant,

v.

Neverill COLEMAN, Harold Shaw,
Defendants–Appellees.

No. 06–4978–cv.

United States Court of Appeals,
Second Circuit.

Oct. 14, 2008.

Jon L. Schoenhorn, Jon L. Schoenhorn & Associates, LLC, Hartford, CT, for Plaintiff–Appellant.

Stephen R. Sarnoski, Assistant Attorney General (Richard Blumenthal, Attorney General, on the brief), Hartford, CT, for Defendants–Appellees.

PRESENT: JON O. NEWMAN, ROGER J. MINER and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Christopher Cournoyer appeals from a judgment in favor of defendants-appellees Connecticut State Police Officers Neverill Coleman and Harold Shaw, entered by the District Court in this civil rights action arising from defendants' search of Cournoyer's home, gym space, and parents' house, and their subsequent arrest of Cournoyer. *See Cournoyer v. Coleman,* No. 01CV00221, 2006 WL 2790403, at *18, 2006 U.S. Dist. LEXIS 69551, at *55 (D.Conn. Sept. 27, 2006). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Cournoyer contends that the decision of the District Court to grant the defendant police officers' motion for summary judgment was erroneous because of the omission of certain "material facts" from the affidavits submitted by defendants in support of the search and arrest warrants at issue in this litigation. Appellant's Br. 16. Specifically, Cournoyer contends that the affidavits should have included the following facts: (1) the victim was unable to identify Cournoyer from a photographic array; (2) the photograph of Cournoyer selected from the array by the victim's brother was taken on the same day that the victim's brother saw Cournoyer at the police station; [1] (3) Cournoyer told defendants that he, unlike the assailant described by the victim's brother, never had long hair or a goatee; (4) Oxford, Massachusetts, the terminus of a high-speed chase involving the victim's brother, is fifty-seven miles from Mohegan Sun; [2] (5) sunset on the night of the chase was 5:38 p.m.; (6) the victim stated that he was in his assailant's car before dark; (7) the victim had an extensive criminal record and initially lied about the events giving rise to his injuries; (8) the victim's brother said that the car chase began around 5:45

---

1. The relevant affidavits disclosed, however, that the victim's brother saw Cournoyer at the police station prior to identifying him from the photographic array. *See Cournoyer,* 2006 WL 2790403, at 9–10, 2006 U.S. Dist. LEXIS 69551, at *29–30.

2. The relevant affidavits indicated that Cournoyer "ate at one of the restaurants at [6:09 p.m.], at the Mohegan Sun Casino." *Cournoyer,* 2006 WL 2790403, at 9, 2006 U.S. Dist. LEXIS 69551, at *28.

p.m., after he was unable to find the victim; and (9) the victim's brother said that he left Webster, Massachusetts at 4:00 p.m. and that a trip to Thompson, Connecticut would take no more than twenty minutes. *Id.* at 9–10. Had the affidavits contained these facts, Cournoyer argues, no judge would have issued the warrants at issue in this litigation. *Id.* at 20.

We disagree. A plaintiff challenging the sufficiency of an affidavit in support of a search or arrest warrant "must show that the affiant knowingly and deliberately, or with a reckless disregard of the truth, made false statements or material omissions in his application for a warrant, and that such statements or omissions were necessary to the finding of probable cause." *Velardi v. Walsh,* 40 F.3d 569, 573 (2d Cir.1994). Cournoyer has not made this showing because the omissions that he references were not "necessary to the finding of probable cause." As the District Court explained:

> While Christopher [Cournoyer] presented documentation supporting his contention that he was at the Mohegan Sun Casino until 6:09 p.m., accepting that contention does not resolve the question of whether Christopher was involved in the shooting, which was reported at 7:40 p.m. The prosecution's case would have been weakened by inconsistencies in [the victim's brother] Joseph and [the victim] Ronald's statements, Ronald's inability to identify Christopher, and the fact that Joseph's identification of Christopher may have been tainted, but that is immaterial to a determination of probable cause. Considering all of the information obtained by police, [defendants] Coleman and Shaw had adequate evidence to support a finding of probable cause for the issuance of search warrants for Christopher's residences and business.

*Cournoyer,* 2006 WL 2790403, at \*15–16, 2006 U.S. Dist. LEXIS 69551, at \*45–46. Upon our review of the affidavits and the omitted information, we reach the same conclusion as the District Court.

Were we to assume that the information omitted from the affidavits precluded a finding of probable cause, we would nevertheless conclude that qualified immunity defeats Cournoyer's claims. "Under th[e] [corrected affidavits] doctrine, we look to the hypothetical contents of a 'corrected' application to determine whether a proper warrant application, based on existing facts known to the applicant, would still have been sufficient to support arguable probable cause to make the arrest as a matter of law." *Escalera v. Lunn,* 361 F.3d 737, 743–44 (2d Cir.2004). "The issue under the corrected affidavit analysis is whether, if [defendants] had included all [they] learned from [their] investigation, the application would have supported a reasonable officer's or magistrate's belief that probable cause existed." *Id.* at 744–45 (internal quotation marks and brackets omitted). We agree with the District Court that, in light of the additional *inculpatory* evidence omitted from the affidavits, there would have been a sufficient basis to support a reasonable magistrate's belief that probable cause existed, even if the information referenced by Cournoyer had been included in the affidavits. Among the inculpatory information omitted from the affidavits were: (1) the sworn statement of Cournoyer's wife that Cournoyer told her that he had done "more" than "beat[ ] somebody up," had used a rental car, was hiding from the police, and was planning to flee the country using a fake passport, *Cournoyer,* 2006 WL 2790403, at \*6, 2006 U.S. Dist. LEXIS 69551, at \*17, and (2) the false statements made by Cournoyer regarding his use of a rental car that was involved in a high-speed chase, which he appears to

have justified on the theory that "[a] lie is not a lie until you swear to it," *id.* at *5, 2006 U.S. Dist. LEXIS 69551, at *15. We conclude, as did the District Court, that because the information available to defendants at the time the affidavits were drafted was sufficient to support arguable probable cause, defendants are entitled to qualified immunity from this suit.

Cournoyer also challenges the District Court's discretionary decision not to exercise supplemental jurisdiction over his state law claims, arguing that he will not be able to litigate them in state court pursuant to *Virgo v. Lyons,* 209 Conn. 497, 551 A.2d 1243 (1988). In *Virgo,* "the Connecticut Supreme Court ... held that an award of damages in a § 1983 action collaterally estops the plaintiff from recovering damages in a subsequent state court lawsuit." *Miller v. Lovett,* 879 F.2d 1066, 1072 (2d Cir.1989). Because Cournoyer has not recovered any damages in this § 1983 action, the rule announced in *Virgo* will not bar the litigation of Cournoyer's state claims in state court. As the Connecticut Supreme Court has explained, "[w]hen state law claims are pleaded, and dismissed without reaching their substantive merits, if the dismissal is based on a discretionary refusal to decide them, it does not bar a subsequent suit on the same claims, either in the state court or in another suit in the federal court." *DeLaurentis v. New Haven,* 220 Conn. 225, 597 A.2d 807, 815 (1991) (citation and internal quotation marks omitted). Accordingly, we see no abuse of discretion in the District Court's decision not to exercise supplemental jurisdiction over Cournoyer's state law claims.

For the foregoing reasons, we AFFIRM the judgment of the District Court.